This suit was instituted by Ben W. Smith, and, after his death, pendente lite, prosecuted by his executrix, against A. C. Patton, independent executor of the estate of Dr. E. G. Patton, and against said A. C. Patton and C. H. Patton, residuary legatees under the will individually. The petition, which was an amended one, asserted, as against the estate of Dr. E. G. Patton, an agreement on the part of Dr. Patton, grounded upon a valuable consideration, to bequeath Ben W. Smith $10,000 at his death and his subsequent failure to observe the contract. Against the executor and the residuary legatees as such, it was charged that the reasonable value of the estate of Dr. Patton received by the executor was $125,000, and, after the payment of all debts and special bequests, the executor had distributed the estate, and that A. C. and C. H. Patton, as residuary legatees, had received and accepted from the executor of the estate, and then had in their possession, property reasonably of the cash value of $75,000. Prayer in substance was for judgment against A. C. Patton, executor, as such, and against A. C. and C. H. Patton, residuary legatees, personally, for $10,000 and interest, in proportion to the value of the property received by them from the estate. To meet exceptions which asserted that the petition disclosed no liability against plaintiffs in error for the reason that it failed to disclose what property of the estate came into possession of the executor as such or into possession of the residuary legatees, defendants in error filed trial amendment, in which it was charged that the executor, as such, after his qualification and the probate of the testator's will, had received from the estate property of the aggregate value of $109,444.80, same being particularly enumerated, which he had at that time "entirely distributed * * * among the devisees and legatees, * * * and that there now remains in his hands as executor no part of said estate which has any appreciable value, and that as residuary legatees and devisees in said will A. C. Patton and C. H. Patton have received of the assets of said estate an amount largely in excess of the claims of plaintiffs herein and amply sufficient to satisfy said claims."
The property alleged to have been received by the legatees was scheduled and consisted of realty, promissory notes, corporate stock, and cash, and was alleged in the petition to be of the value of $75,000. It is appropriate to state here that the pleading of A. C. Patton, executor, also alleged that he had distributed the entire estate of his testator. The pleading being in substance as recited, plaintiffs in error, A. C. and C. H. Patton, individually, excepted to same on the ground that the facts alleged did not entitle defendants in error to a personal judgment against either of the residuary legatees, which was overruled, and to which action of the court plaintiffs in error excepted. There was, on the pleadings recited, a trial to jury to whom the issues of fact were referred for special verdict in form of the usual interrogatories. Prior to submission of the fact issues to the jury, plaintiffs in error requested, and the court refused, a peremptory instruction in favor of the executor, A. C. Patton, as such, and a similar instruction in favor of A. C. Patton and C. H. Patton, individually, to which action of the court they excepted. The facts found by the jury and included in the judgment are in substance these: The testator, Dr. E. G. Patton, did, prior to his death, promise Ben W. Smith, if he would dispose of his business in Sulphur Springs and remove to and associate himself with Dr. Patton in business in Dallas, the latter would bequeath him $10,000 at his death. Smith, in consideration of the promise, did dispose of his business, remove to Dallas, and become associated with Dr. Patton in business. Dr. Patton did not, at his death, bequeath Smith the promised $10,000. There were other and adverse findings on matters of defense urged by plaintiffs in error not necessary to enumerate. Upon the special verdict judgment was for the defendants in error for the aggregate sum of $11,800 against A. C. Patton, executor, as such, and against A. C. and C. H. Patton, the residuary legatees, individually. Thereupon appeal was perfected to this court. The record on appeal is the usual one, save that it is not accompanied by a statement of facts.
As we have indicated, when defendants in error concluded the introduction of testimony, plaintiff in error A. C. Patton requested the court to peremptorily direct verdict for him as executor on the ground that it appeared from the pleadings of both parties that the executor, at the time of trial, had distributed or passed all assets of the estate to the devisees and legatees. The request was refused, and the court's action is assigned as error. Our probate acts recognize the right of persons capable of making a will to have their estates administered independently of the probate court, save the probating and recording of the will and the return of inventory; direct how debts and claims may be enforced; and provide that execution shall run against the estate in the hands of the executor. Articles 3362, 3363, 2005, Vernon's Sayles' Tex.Civ.Stats. Upon death of a person leaving a will, the estate immediately vests in the devisees, subject to payment of the debts of the testator, save that which is exempt from such payment; but that the executor shall *Page 1036 
nevertheless be entitled to possession of the estate for the purpose of administering same. Article 3235, Id. Incidentally, creditors may require independent executors, in case of waste, mismanagement, or misapplication of the estate, to execute bond, and, as against the beneficiaries under the will, may require security to be given for the payment of their claims or debts. Article 3364, Id., et seq.
The several provisions cited have been elaborately construed, and, as applicable to the issue under consideration, it has been declared in substance that when the executor, who is authorized to act independently of the probate court, in good faith, and not in fraud of the rights of creditors, passes the estate committed to him to those entitled to receive same, they lose control of same and may not thereafter administer same for creditors, and are not as a consequence further accountable to creditors in their representative capacity. Parks v. Knox,61 Tex. Civ. App. 493, 130 S.W. 203, and cases cited. As we have shown, the pleadings of defendants in error assert unequivocally that the estate of Dr. Patton had passed to the devisees and legatees, unaccompanied by any claim that the distribution was irregular or in fraud of the rights of the defendants in error. As a consequence, it resulted as matter of law that the pleading reflected no facts indicating liability on the part of the executor as such, and as further consequence of which verdict ought to have been directed as requested. It is true, as argued by defendants in error, the evidence adduced on trial does not accompany the record. We have considered that fact and the significance that may or ought to be attached to it. Ordinarily, it is and will be presumed, in the absence of a statement of facts, that every fact necessary to sustain the verdict and judgment, which is responsive to and follows the relief sought by the complaint or petition, was proven. It will not be presumed, however, that facts were proven which will sustain verdict and judgment for relief not sought or to which the parties were not entitled under the broadest construction of the pleading. Obviously, such evidence and judgment are without warrant in law. Such is the situation presented by the record before us. We may not affirm the result, however just the claim against the estate may be conceded to be, since there was an admitted failure to allege personal liability against the executor resulting from fraud, waste, mismanagement, misapplication, etc.
As we have also indicated, the court overruled an exception of plaintiffs in error A. C and C. H. Patton, challenging the sufficiency of the allegations of the pleading to constitute a cause of action against them personally. They presented the same contention in the form of a requested peremptory instruction founded on the claim that the pleading would not authorize a personal judgment against them, but that the remedy was to subject the property received by them to the payment of the claim. We have reached the conclusion that the exception should have been sustained, failing in which the peremptory instruction should have been allowed. The substance of the allegations of the petition and trial amendment, as affecting the personal liability of the residuary legatees, is that, at the time of trial, all of the estate had passed from the control and possession of the executor, of which estate mixed property, of the value of $75,000, was received by and was then in the possession of A. C. and C. H. Patton, residuary legatees, and, in amount, amply sufficient to satisfy the claim of the defendants in error. In construing the rights and remedies of creditors conferred by the various articles of the probate acts, the Supreme Court, in Blinn v. McDonald,92 Tex. 604, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931, declared in substance that heirs, devisees, and legatees, who receive property belonging to an estate, against which unpaid claims exist, do not become personally liable to the creditors or claimants, but that creditors' and claimants' remedy is to enforce their lien against the property in the hands of the beneficiaries. That case was considered on original submission and on motion for rehearing and opinions written on both occasions, in which former adverse holdings of that court were overruled; and, while much criticism has since been directed against it by others, it is the rule by which this court is and should be controlled. There is contained in the opinion in that case the statement that —
"The heir, devisee or legatee would doubtless be liable to the creditor for the injury done him in defeating his lien by * * * disposing of the security."
In the subsequent case of Middleton v. Pipkin, 56 S.W. 240, the First Court of Civil Appeals declares in effect that, if it appears from the pleading of the parties that the property is at time of the suit in possession of the executor, the heir, devisee, or legatee, the remedy is, as said in Blinn v. McDonald, supra, to enforce the lien against the same, but that if it appears from the pleading that the heirs, devisees, or legatees have disposed of the property, or so changed its form as to render it impossible of identification, a personal recovery can be had for its value; the liability in such cases being clear.
The case last cited is, in our opinion, correct and in consonance with Blinn v. McDonald. The pleading in the case at bar, however, charged that plaintiffs in error had received of the executor and then had in their possession the mixed property enumerated of value more than sufficient to satisfy the claim of the defendants in error. By that allegation no personal liability against *Page 1037 
the legatees was shown or could be lawfully maintained. The remedy was to proceed to enforce the creditors' lien against the property with the aid of the court's equitable orders and process, which would have been effective, whatever may have been the character of the property. It is urged on this point, as it was on the issue first discussed, that due to the absence of a statement of facts this court is unable to tell what evidence might have been developed to sustain the personal judgment rendered against plaintiffs in error. We assume every fact necessary to support the allegations of the petition were proven, but the facts admissible under those allegations would not authorize a personal judgment against the legatees, and if, notwithstanding the allegations, proof was admitted which would sustain a personal judgment under proper allegations against the legatees, that fact could obviously lend no verity to a judgment not founded on the case made by the pleading.
It is suggested that, in case this court should conclude that the remedy under the case made was against the specific property, we here now establish the lien thereon. We may not follow that course: First, because no such relief was sought In the court below; and, second, if it had been, the property shown to have been in the possession of the legatees at that time may since have passed into the ownership and possession of others.
The judgment will be reversed and rendered for plaintiffs in error.
Reversed and rendered.