ESTATE OF LUCILE GRUY, JOSEPH GRUY, INDEPENDENT EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95901. Promulgated November 22, 1940.

1280

E. H. Suhr, Esq., for the petitioner.
J. E. Marshall, Esq., for the respondent.

1282

## OPINION.

BLACK: The first issue arises from the inclusion by the respondent in petitioner's income for the year 1935 of $7,889.46 representing one-half of the income from community property of the decedent and her husband, Joseph Gruy. There is no dispute as to the amount of income involved. In support of his determination, the respondent contends that the income in question was received during the period of administration or settlement of the estate and is taxable to petitioner under section 161 (a) (3) of the Revenue Act of 1934.[1]

The petitioner concedes that the separate estate of Lucile Gruy was in process of administration in 1935, that there were debts of the separate estate still unpaid, and that the Federal estate tax was still in dispute and was not settled until a subsequent year. He contends, however, that, as an independent executor under the will of Lucile Gruy, he paid all of the debts of the community estate in 1933 and distributed to himself, as legatee and devisee under the will, all the interest of Lucile Gruy in the community property owned by herself and her husband, Joseph Gruy, at the time of her death.

The record discloses that after 1933 Joseph Gruy treated all the community property as his own; that he paid the taxes on such property and all expenses incident to it from his own funds; that he con-

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate.

sistently deposited the income from such property in his personal bank account, used it as his own individual income, and included it in his personal income tax return for the taxable year before us. Moreover, no community income was included in the fiduciary income tax return for the estate of Lucile Gruy for the year 1935. Obviously after 1933, Joseph Gruy regarded himself as owner in possession of the community property formerly belonging to his deceased wife and himself and he dealt with it as such.

The case then turns on whether there was such a distribution of the community estate of decedent in 1933 as to take it out of the estate of Lucile Gruy and out of the control of the executor of the estate. If the community property remained under administration in 1935 and the income in question was received by Joseph Gruy in his fiduciary capacity as independent executor of the estate of Lucile Gruy, it is taxable to the estate, as respondent contends. *Barbour* v. *Commissioner*, 89 Fed. (2d) 474.

The estate of Lucile Gruy consisted of both her separate and community property. While all of such property was included in her general estate, the separate and community property were kept separate for the purposes of administration. At the death of Lucile Gruy, her husband, as surviving member of the community, was invested with full control of all the community property. *Wilthrow* v. *Adams*, 23 S. W. 437; *Lovejoy* v. *Cockrell*, 63 S. W. (2d) 1009.

Under the terms of the will he became independent executor of all the decedent's estate, including the community property. As independent executor he was required to file a complete inventory and appraisement of all the property in the decedent's estate. Having filed such inventory and appraisement, he had the right to administer the community property for the payment of community debts without any supervision by the Probate Court. *Levy* v. *W. L. Moody & Co.*, 87 S. W. 205. He could do whatever the court could do if the estate were under its entire control. *Griggs* v. *Brewster*, 62 S. W. (2d) 980. He had the power to close administration or surrender all or any portion of the property to the heirs or devisees without the formality of judicial sanction. *Parks* v. *Knox*, 130 S. W. 203.

Joseph Gruy, as independent executor, paid all the community debts against the estate in 1933. His acts thereafter were the acts of an owner and not administrator of the community property. We hold that the community property from which the income in question was derived was distributed to Joseph Gruy as legatee under the will prior to 1935 and that none of it was in process of administration in that year. As to this issue petitioner is sustained.

In our opinion, it is immaterial whether or not the separate estate was indebted to the community estate in the year 1935 as respondent contends. The only evidence of such indebtedness is the statement in

the deed of April 25, 1935, to Ernest Cotulla and wife. No such indebtedness appears in the inventory and appraisement. But even if the statement in the deed were correct, it would only mean that there was a partial distribution of community property in 1933, and would not affect our decision as to the property distributed. The income from such property after it was distributed belonged to Joseph Gruy, who was then the owner thereof. Nor is the fact that the estate tax was in dispute in 1935 controlling. Under the laws of Texas, property of a decedent vests immediately upon his death in the devisee, subject to the payment of the debts of the testator. *Roberts* v. *Carlisle*, 4 S. W. (2d) 144; *Dakan* v. *Dakan*, 83 S. W. (2d) 620; *Weiner* v. *Zweib*, 128 S. W. 699; *Patton* v. *Smith*, 221 S. W. 1034. See Vernon's Annotated Civil Statutes, art. 3314. The distributee would, therefore, be liable for such debts to the extent of the amount distributed to him, *Kauffman* v. *Wooters*, 13 S. W. 549, but the distribution would be valid and have the effect under Texas law of taking the property distributed out of administration. *Parks* v. *Knox*, *supra*.

The Commissioner, in his adjustment of petitioner's income for 1935, allowed as additional deductions: (h) Taxes, $290.61; (i) insurance, $466.35; (j) repairs, $100.32. In explanation of these additional deductions he stated in his deficiency notice, as follows:

(h), (i), and (j) These amounts, which represent one-half of the following community deductions claimed by the surviving spouse, Joseph Gruy, are held to be allowable deductions on your return. [Here are set out by the Commissioner the figures we have given above.]

Manifestly, if the community property was distributed to Joseph Gruy prior to the taxable year, the expenditures named above were made by him individually and the deductions are his and no part of them are deductible by the estate. We do not understand that petitioner contends otherwise. In a recomputation under Rule 50 the above named deductions should be disallowed.

The second issue involves the claim for a credit in the amount of $926.67 representing income taxes paid by the independent executor, Joseph Gruy, from funds of the estate of decedent on income returned by Joseph Gruy as natural guardian for Dagmar Gruy, Viggo Gruy, and Joseph Gruy, Jr., all minor children of Lucile Gruy and Joseph Gruy. Dagmar Gruy, Viggo Gruy, and Joseph Gruy, Jr., were the beneficiaries of the separate estate of Lucile Gruy. As independent executor of that estate, Joseph Gruy had the right to make distribution to these beneficiaries of sufficient funds to pay their income tax. *Patton* v. *Smith*, *supra; Parks* v. *Knox*, *supra*, and as natural guardian of the minor children, Joseph Gruy had the right to make a return of their income and to pay the tax from the funds so distributed, and we must regard such acts as within the scope of his power. But having

distributed to the minors or their natural guardian the funds to pay their income tax, the petitioner may not now claim a credit on its tax for the amount so paid.

We do not have the cases of the minor children before us and, therefore, do not pass upon the question as to whether they owed any income tax for the year 1935. Assuming, however, that the natural guardian erroneously filed a return for the minor children, we fail to see how the amount so paid can be allowed as a credit to petitioner. The minor children, by their natural guardian, are not parties to this proceeding. Unquestionably they have a right to apply for a refund of the amounts paid, but such action has no relation to this petitioner, which is a different taxpayer.

If an overpayment in taxes exists and the same taxpayer has an outstanding liability, the Commissioner is required before making any refund to apply the overpayment against the liability or allow a credit. Cf. *Blair* v. *United States ex rel. Union Pacific Railroad Co.*, 6 Fed. (2d) 484. But he has no authority of his own motion to credit one taxpayer's overpayment against another's liability. Cf. *Hart Glass Manufacturing Co.* v. *United States*, 48 Fed. (2d) 435; certiorari denied, 286 U. S. 556. He may allow such a credit with the consent of the parties, cf. *Daube* v. *United States*, 59 Fed. (2d) 842; affd., 289 U. S. 367, but he can refuse to do so because of the fact that the parties are separate and distinct taxpayers. *Charles V. Parker*, 17 B. T. A. 608.

On the record before us, petitioner's claim for credit is denied. *Charles V. Parker, supra.*

*Decision will be entered under Rule 50.*