## NEYLAND v. BRAMMER.

### No. 11063.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1940.

Rehearing Denied Dec. 19, 1940.

C. C. Carsner, of Victoria, for appellant.

J. G. Howard and F. R. Guinn, both of Houston, for appellee.

MONTEITH, Justice.

This is an appeal in an action of trespass to try title brought by appellee, J. L. Brammer, against appellant, O. L. Neyland, for recovery of the title to and possession of 100 by 125 feet of land out of the southwest corner of Block 15 of the James Bute Addition to the City of Houston.

In addition to a formal suit in trespass to try title appellee alleged that he had acquired title to the property in contro-

versy in satisfaction of a valid and subsisting obligation due him by the estate of J. L. Brammer, deceased; that the appellant, by virtue of a lis pendens notice, was asserting some character of lien against said property, and that a cloud had been cast upon the title thereto by virtue of such lis pendens notice; he sought title and possession of the land, and that the cloud cast thereon by said lis pendens notice be removed.

Appellant answered by general demurrer, general denial and plea of not guilty. He specially pled that he held a valid claim against the estate of J. L. Brammer, deceased, and Mary Louise Brammer, as evidenced by his suit against Mary Louise Brammer, individually and as representative of and sole devisee under the will of J. L. Brammer, deceased; that he had filed his lis pendens notice while the property in controversy was a part of the property belonging to the estate of J. L. Brammer, deceased; that said claim was still due and unpaid and that appellant had a prior and superior claim to said property to that of plaintiff, J. L. Brammer, Jr.

In a trial before the court without a jury judgment was rendered awarding appellee title to and possession of the land in controversy, and removing the cloud cast upon appellee's title by virtue of said lis pendens notice.

J. L. Brammer died on February 5, 1928, leaving a will in which his wife, Mary Louise Brammer, was named independent executrix and sole legatee. She immediately qualified as such executrix. On January 7, 1930, O. L. Neyland, appellant herein, filed a suit in the district court of Harris County, styled O. L. Neyland v. Mary Louise Brammer, No. 171,785, on the docket of said court, in which he sought recovery of the value of certain shares of stock alleged by appellant to have belonged to him and to have been converted by the said Mary Louise Brammer subsequent to the death of her husband.

On June 19, 1934, while the above suit was still pending, appellant filed what he termed a notice of lis pendens, describing specifically the property involved herein and referring to the suit above mentioned. Thereafter, by deed dated July 25, 1934, Mary Louise Brammer conveyed the property in controversy to appellee herein.

After a trial of the case of Neyland v. Mary Louise Brammer in the district court of Harris County in which judgment was rendered denying Neyland recovery on his claim, the case was appealed to this court where it was reversed and remanded for a new trial on the issue of the value of the shares of stock alleged to have been converted. The case of Neyland v. Mary Louise Brammer is still pending in the district court of Harris County. No final judgment has been rendered therein.

This appeal involves a construction of Article 3314 of the Revised Statutes of 1925.

Appellant claims a statutory lien upon all of the property belonging to the estate of J. L. Brammer, deceased, including the property in controversy, and contends that appellee took title to the property in controversy subject to said lien for the full amount of his claim set up in said cause No. 171,785.

The parts of said Article 3314 material to this appeal provide that: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; * * * subject, however, to the payment of the debts of the testator."

This article does not, in express terms, provide for a lien in favor of a creditor on the property of a testator in the hands of an executor or administrator and no method is provided by statute for the enforcement of a lien thereunder. It follows that, under said article, the rights of a creditor to pursue his property in the hands of an executor or administrator after the death of a testator are unchanged. Prior to the death of a debtor, a creditor may subject the debtor's property to his debt by attachment, garnishment or execution. After the debtor's death, while his property is in the hands of an executor or administrator, the same results can be attained by the filing of a claim in the probate court. In the event the property of a deceased debtor is in the hands of an independent executor, the creditor may subject it to his debt by the same methods that were available to him while the debtor was alive—by attachment, garnishment or execution. If the property of the deceased debtor is in the hands of devisees or distributees, the creditor may, by suing, establish his debt and subject the property in their hands thereto. Patton v. Smith, Tex. Civ.App., 221 S.W. 1034; Roberts v. Carlisle, Tex.Civ.App., 4 S.W.2d 144.

The rule that where property is in the hands of devisees, distributees or heirs, a creditor must pursue it and subject it to his debts by the same methods that were available to him while the debtor was-alive, is upheld in the case of Horton v. Gibson et al., Tex.Civ.App., 274 S.W. 292, 294, in which an alleged lien similar to that in the instant case was sought to be enforced. In this case the court in its opinion says: "In the above cases [referring to cases cited therein], and other cases, our Supreme Court says much about the creditor's lien on the nonexempt property of his deceased debtor, but we do not think by these expressions is meant a lien, as that term is generally understood. A lien on either personal property or real estate arises only by virtue of a contract or some statutory provision. A creditor has a quasi lien or interest in the nonexempt property of his debtor, that is, he has the right to have it applied to the payment of his debt, and the fact the debtor dies does not create any additional rights in such nonexempted property. Our Supreme Court has never held that the lien here referred to is such a one as can be foreclosed in court, as liens are usually foreclosed."

It follows that where property is in the hands of devisees, distributees, or heirs as the result of said Article 3314, a creditor of the deceased's estate may sue such heir, distributee, or devisee and thereby establish his claim against such estate, in which event the court will, under appropriate prayer, subject the property received by such heir, distributee, or devisee, to the satisfaction of the judgment rendered in such cause.

■ Until a debt has been established, however, the creditor can no more assert a lien against the assets of the deceased's estate than he could have asserted during the debtor's lifetime.

■ In the instant case, appellant, by said lis pendens notice, attempted to fix a lien on property in the hands of appellee which he could not have asserted had J. L. Brammer been alive, since, during his lifetime, in the event J. L. Brammer had refused to carry out his agreement to transfer the stock involved in cause No. 171,785, appellant could have sued, and in the event he recovered judgment could have established a judgment lien against this and all other property belonging to J. L. Brammer. Prior to taking these steps he would have had no lien against said property. The claim on which cause No. 171,785 is based is now pending in the district court of Harris County and is unliquidated, since no judgment has been rendered therein, and until appellant has secured a judgment in said case his right under said Article 3314 to subject the assets of the estate of J. L. Brammer, deceased, cannot under above authorities ripen into a lien, and since no proper steps have been taken by appellant to create a lien against the estate of J. L. Brammer, deceased, by securing judgment in said suit, appellee is justified in seeking to have the cloud on the title to the property in controversy, created by said lis pendens notice, removed.

Appellee contends that since the suit of Neyland v. Mary Louise Brammer was for conversion and in nowise involved the title to or any interest in the property in controversy, said lis pendens notice was not effective as notice of a pending suit involving the property in controversy. Article 6640, Revised Statutes of 1925, provides that: "During the pendency of any suit or action, involving the title to real estate, or seeking to establish any interest or right therein, or to enforce any lien, charge or encumbrance against the same, any party seeking affirmative relief therein, may file a notice of the pendency of such suit with the county clerk of each county where such real estate, or any part thereof, is situated. Such notice shall be signed by the party filing the same, his agent or attorney, setting forth the number and style of the cause, the court in which pending, the names of the party thereto, the kind of suit and description of the land affected."

Volume 28, Texas Jurisprudence, page 223, reads in part as follows: "In any event, the lis pendens doctrine applies only where the litigation involves property which must be so specifically pointed out by the proceedings as to warn the whole world that they meddle with it at their peril. In other words, the property must be described in the pleadings."

In the case of Bowen v. Kirkland, 17 Tex.Civ.App. 346, 44 S.W. 189, suit was brought by an heir against an administrator to set aside administration proceedings and to remove the administrator. Pending the trial the heir sold some of the property belonging to the estate to a third party. The court in its opinion held that lis pendens had no application in the case,

in that neither the title nor possession of the land in question was involved in the litigation between the heir and the administrator, and that any judgment that could have been rendered therein would not have concluded the issues of title or possession to the particular land in controversy, since the property purchased must be the subject of the controversy to be settled by the suit. It held that lis pendens did not apply where a collateral question only was involved which might ultimately affect the title of the parties relating to the property purchased.

If appellant had succeeded in obtaining a final judgment against Mary Louise Brammer, as independent executrix, the judgment would have had the collateral effect of establishing a lien upon the property of the estate; however, the establishment of such a lien would have been merely incidental to the issue involved in the case of Neyland v. Mary Louise Brammer.

For this reason the judgment of the trial court is in all things affirmed.

Affirmed.