**Evelyn LANE, Appellant,**

v.

**Vera FRITZ, Appellee.**

**No. 226.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

Luther E. Jones, Jr., Corpus Christi, for appellant.

Mahoney, Shaffer & Hatch, by Lee Mahoney, Corpus Christ, for appellee.

OPINION

SHARPE, Justice.

Appellant here seeks reversal of a summary judgment which declared void certain

lis pendens notices of a prior suit for damages filed by her against appellee for alienation of the affections of appellant's former husband. The judgment also removed the cloud cast by such notices on title to land owned by appellee in the State of Texas. The decision below was reached on the basis of the pleadings in the two suits and copy of a lis pendens notice filed by appellant in Nueces County, Texas.

By two points, appellant asserts that there is no sufficient basis for the adjudications made by the trial court. She argues that her prior suit and the lis pendens notice filed in connection therewith are within Art. 6640, Vernon's Ann.Civ.St.[1] because she sought adjudication establishing in her favor a lien on all realty owned by appellee

in Nueces and Hayes Counties and elsewhere in Texas to secure payment of the amount of a judgment which she, as plaintiff in that suit, may recover therein. Appellant further contends that the provisions of Art. 6643a, V.A.C.S.,[2] must be complied with before nullification of a lis pendens notice will be authorized; and, in this case, appellee did not aver or show that the conditions of the last-mentioned statute were met.

In 54 C.J.S. Lis Pendens § 9, p. 577, the following statement appears:

"At common law and under statutory provisions as to lis pendens not altering the common law in this respect, lis pendens may not be predicated on an

---

1. Art. 6640, V.A.C.S. Suit for land; notice to be filed

Upon the filing of the plaintiff's statement or petition in any eminent domain proceeding, or during the pendency of any suit on action, involving the title to real estate, or seeking to establish any interest or right therein, or to enforce any lien, charge or encumbrance against the same, any party seeking affirmative relief therein, may file a notice of the pendency of such proceeding or suit with the county clerk of each county where such real estate, or any part thereof, is situated. Such notice shall be signed by the party filing the same, his agent or attorney, setting forth the number, if any, and style of the cause, the court in which pending, the names of the party thereto, the kind of proceeding or suit and description of the land affected. Acts 1905, p. 316; Acts 1959, 56 Leg., p. 689, ch. 315, § 1.

2. Art. 6643a, V.A.C.S. In lieu of lis pendens

In any suit or action of which a notice of pendency thereof has been filed, and in which it shall appear to the court, upon motion made by any party to the suit or other person having an interest in the property affected by the action or in the result of such suit or action, that adequate relief can be secured to the party plaintiff or defendant seeking such affirmative relief therein, by the deposit of money, or in the discretion of the court, by the giving of an undertaking, the court may, at any stage of the proceeding, upon notice to all of the

parties to the suit or action to be affected thereby, direct, by order made either in term time or in vacation, that the notice of the pendency thereof be cancelled upon the payment into court of the amount of the judgment sought to be recovered in such action, and such sum in addition thereto as the court may deem sufficient to cover interest likely to accrue during the pendency of the action, and costs.

In lieu thereof, the court may, in its discretion, order that an undertaking be given in a sum double the amount of the judgments sought to be recovered, with two sufficient sureties to be approved by the court, conditioned that the party or person applying therefor will pay the judgment or judgments sought to be enforced against said property, with interest and costs, in the event that a final judgment shall be entered in favor of the party to such suit filing such notice to the effect that such real estate was, at the time of the filing of such notice of pendency of action, legally and equitably therewith charged. A copy of such undertaking with notice of the filing of same shall be served upon the attorney for the party filing such notice of pendency of suit not less than two days prior to the submission of the same to the court for its approval. Upon the approval of such undertaking by the court, the court may direct that the notice of pendency of action or suit be cancelled of record in the manner above provided. Acts 1925, 39th Leg., p. 353, ch. 145, § 1.

action or suit seeking merely to recover a personal or money judgment unless and until a valid judgment has been secured and made a lien against the property. It does not apply to an action of trespass, or a suit for an accounting, or to any other action or suit which does not directly affect property. The doctrine of lis pendens applies to all suits or actions which directly affect real property * * "

Under Note 20, page 577, the cases of Neyland v. Brammer, 146 S.W.2d 261 (Tex. Civ.App., 1940. wr. dism. judgment correct) and Bowen v. Kirkland, 17 Tex.Civ.App. 346, 44 S.W. 189 (1897, wr. den.) are cited for the proposition that "[w]here a collateral question only is involved which might ultimately affect the title of the parties to the property, lis pendens does not apply." These cases are closely in point here.

In Neyland v. Brammer, supra, it appeared that Neyland had filed a prior suit against Mrs. Mary Louise Brammer, individually, as independent executrix of the Estate of J. L. Brammer, deceased, and as sole devisee under his will, in which he sought to recover the value of certain stock allegedly belonging to him and converted by Mrs. Brammer after her husband's death. Neyland filed lis pendens notice of his suit specifically describing certain real property then belonging to the estate. Thereafter, Mrs. Mary Louise Brammer deeded that property to F. L. Brammer, Jr., who brought suit against Neyland in trespass to try title and for removal of the cloud cast on his title by the lis pendens notice. The trial court granted F. L. Brammer, Jr., the relief prayed for and the Court of Civil Appeals affirmed the judgment. The Court of Civil Appeals pointed out that Neyland had not reduced his unliquidated claim in the prior suit to final judgment, and until he did so he had no lien against the property of the estate. The Court specifically considered Art. 6640, V.A. C.S., and agreed with the contention of F. L. Brammer, Jr., that since the prior suit filed by Neyland was for damages due to

alleged conversion, and did not in any way involve the title to or interest in the property in controversy, that the lis pendens notice of the prior suit was not effective as notice of a pending suit involving that property. The Court cited Brown v. Kirkland, supra, for the holding that lis pendens did not apply where only a collateral question was involved in a suit which might ultimately affect the title of the parties to the property involved, and held in the case then before it that even if Neyland had obtained a final judgment in the prior suit against Mrs. Brammer, it would have had only a collateral effect of establishing a lien on the property of the estate which was merely incidental to the issue (of damages) there involved.

In our case, appellant's prior suit for damages against appellee is clearly not an eminent domain proceeding and does not involve title to real estate nor seek to establish any interest or right therein. Her only claim is that her case falls within Art. 6640, V.A.C.S., because she seeks to establish a lien in her favor on the realty of appellee to secure the amount of the judgment which she may recover against appellee based upon an unliquidated claim for damages. We believe that the holdings in Neyland v. Brammer, supra, are applicable here and that appellant's contentions are not well taken. We further believe that the term "to enforce any lien, charge or encumbrance" as used in Art. 6640, is not applicable where such lien does not exist prior to rendition of judgment under some provision of a contract, statute or the constitution.

We hold that appellant's prior suit for damages against appellee and the lis pendens notices filed in connection with it do not come within the provisions of Art. 6640, V.A.C.S., and that appellee was not required to comply with Art. 6643a, V.A.C.S., in order to nullify, remove or cancel such notice.

The judgment of the trial court is affirmed.