**Gary Lynn RUCKER, Melinda Carol Rucker, and Gary Lynn Rucker, Jr., Appellants,**

v.

**Peter H. STEELMAN, Appellee.**

No. 17823.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 14, 1981.

Luke W. Able, Jr., Houston, for appellants.

Howard J. Stern, Houston, for appellee.

Before EVANS, PEDEN and DOYLE, JJ.

EVANS, Justice.

This is a suit in trespass to try title and to remove cloud on title. After a non-jury trial, judgment was entered in favor of the plaintiff.

The two lots in controversy were originally owned by Bobby R. Patton, the stipulated common source of title. The plaintiff claims title under conveyances emanating from Patton, and the defendants claim title based upon a constable's deed made pursuant to a judgment execution.

The record shows that Patton acquired title to the two lots in April, 1974. Thereafter, the defendants brought a tort action against Patton, and on December 7, 1978, a money judgment was rendered against him in the amount of $5,259.50. On December 27, 1978, an execution was issued under that judgment, and on January 3, 1979, an abstract of judgment was recorded.

During the pendency of the defendants' suit against Patton but prior to the date of judgment and execution, Patton conveyed both lots to his brother and sister-in-law, Henry and Regina Patterson. On December 29, 1978, after the constable's levy of execution under the judgment but prior to the recording of the abstract of judgment, the Pattersons conveyed both lots to the plaintiff in this action, Peter H. Steelman.

The constable's deed to the defendants passed only such title as Patton held at the time of the execution and sale, and because the conveyances under which the

plaintiff claims title were prior in time to the recording of the abstract of judgment, the plaintiff's title must be deemed superior in law, unless the conveyances were shown to have been executed for the purpose of delaying, hindering or defrauding Patton's creditors. Tex.Bus. & Comm.Code Ann. Section 24.02 (Vernon 1968); *Clark v. Bell*, 40 Tex.Civ.App. 39, 89 S.W. 38 (1905, writ ref'd).

■ A creditor seeking to defeat the prior conveyance of a judgment debtor must prove fraudulent intent on the part of the debtor at the time of the execution of the conveyance and then, if a valuable consideration is shown to have been paid for the property, the creditor must further prove that at the time of such payment the party taking the conveyance had notice of the debtor's fraud. *Tillman v. Heller*, 78 Tex. 597, 14 S.W. 700 (1890); *Hunter v. Pitcock*, 346 S.W.2d 509, 512 (Tex.Civ.App.—Fort Worth 1961, no writ).

■ There is sufficient evidence in the record to support the trial court's finding that both the Pattersons and the plaintiff paid a valuable consideration for their respective conveyances. Therefore, even if fraudulent intent on the part of Patton be assumed, the burden was upon the defendants to prove that the Pattersons and the plaintiff had actual or constructive knowledge of such fraud.

■ The trial court did find that the Pattersons were aware that the defendants had filed a law suit against Patton, but this knowledge did not amount to actual notice of a fraudulent intent on the part of Patton to defraud his creditors. The defendants had the affirmative burden of proving not only that the Pattersons but also the plaintiff had knowledge of facts or circumstances sufficient to put a reasonably prudent person upon inquiry that Patton entertained the intent to defraud his creditors at the time he executed the conveyance in question. *Cooper v. Martin-Brown Co.*, 78 Tex. 219, 14 S.W. 577 (1890). Although there is some evidence in the record tending to support the defendants' contention, the trial court was not compelled by such evidence to accept the defendants' version of the transactions in question, and its findings are not against the great weight and preponderance of the evidence.

The defendants also contend that a lis pendens notice filed against the property was not properly released and that the plaintiff, therefore, had constructive notice of the nature of their claim.

■ A lis pendens notice is effective only with respect to those specific tracts of land which are involved in the suit upon which the notice has been issued. Unless the suit involves the land covered by the lis pendens, the notice has no force and effect as to such land. *Lane v. Fritz*, 404 S.W.2d 110 (Tex.Civ.App.—Corpus Christi 1966, no writ); *Kropp v. Prather*, 526 S.W.2d 283 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.). The lis pendens notice filed in the case at bar was issued in connection with the tort action brought by the defendants against Patton. The purported lis pendens notice did not constitute constructive notice of the defendants' claim.

The defendants also contend that the trial court erred in its rulings with respect to certain evidentiary matters regarding the plaintiff's status as a bona fide purchaser and also in its rulings on certain ancillary matters. It is unnecessary to specifically discuss these points because this court finds that the alleged errors, if any, are not such as would require a reversal of the trial court's judgment. Tex.R.Civ.P. 434.

The judgment of the trial court is affirmed.