**HELMSLEY–SPEAR OF TEXAS, INC. and Investment Properties Associates, Relators,**

v.

**Hon. William N. BLANTON, Jr., Respondent.**

**No. A14–85–787–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 1985.

Rehearing Denied Nov. 14, 1985.

Charles C. Crady, of Crady & Peden, A. Randall Friday, of Crady & Peden, William K. Luyties, of Lorance & Thompson, Houston, for relators.

Greg Dasher, of Ducoff & Chanon, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## ORIGINAL PROCEEDING
## WRIT OF MANDAMUS

J. CURTISS BROWN, Chief Justice.

This is an original petition for writ of mandamus. Its purpose is to require the Honorable William N. Blanton, Jr. to cancel a lis pendens. On October 10, 1985, we granted relators leave to file the mandamus. We conditionally grant the mandamus.

Relator Investment Properties Associates owns the Palms Center Shopping Center in Houston, Texas. Relator Helmsley-Spear has acted as agent for Investment Properties Associates in managing Palms Center. Relators are defendants in the suit out of which this petition for writ of mandamus arises. Right-On, Inc. of Palms Center, Stein's, Inc. of Palms Center and Marvin Dashe are plaintiffs in that suit.

On April 4, 1979, Marvin Dasher DBA Right-On, Inc., signed a lease with Helmsley-Spear of Texas, Inc. for the premises at 5250 Palms Center. On that same date, Marvin Dasher DBA Stein's, executed a lease with Helmsley-Spear for the premises at 5252 Palms Center. Both leases were to run from March 1, 1979, to March 31, 1989.

On September 27, 1982, Right-On, Inc., Stein's, Inc., and Marvin Dasher filed suit against relators in the 11th District Court of Harris County, alleging breach of lease and constructive eviction and asking money damages.

In June 1985, relators reached agreement for the sale of Palms Center Shopping Center. On August 20, 1985, the Houston City Council authorized $1 million to finance renovation and restoration of Palms Center Shopping Center. In their second amended original petition, filed August 25, 1985, plaintiffs, in addition to money damages, asked the court to "impose a lien against the real property and improvements of the Palms Center, Shopping Center ... to protect the equitable title and rights of [the] Plaintiffs...."

On August 23, 1985, plaintiffs filed a notice of lis pendens. On September 17, 1985, relators moved the trial court for an order cancelling the lis pendens. That motion was denied September 30, 1985. Relators contend the trial court abused its discretion in failing to cancel the lis pendens. A hearing for reconsideration of the motion to cancel the lis pendens has been set November 11, 1985.

The sale of Palms Center is to close on or before November 1, 1985. Relators contend the lis pendens is a cloud on the title and may interfere with the sale. The lis pendens, they argue, is void and failure to cancel it constituted a clear abuse of discretion.

The real parties in interest contend (1) the lis pendens is proper, (2) relators have other adequate legal remedies, and (3) relators come to this Court with unclean hands and are undeserving of an equitable remedy.

A lis pendens may be filed during the pendency of an action involving title to real property, the establishment of an interest in real property, or an enforcement of an encumbrance against real property. Tex. Prop. Code Ann. § 12.007.

■ The real parties in interest contend their cause below attempts to establish an interest in the Palms Center property. Their pleading that a lien be imposed against the property is essentially a prayer for a judgment lien to assure any monetary damages which may be ultimately awarded are paid. The lien sought affects real property collaterally, not directly, and does not come within the provisions of § 12.007. *Lane v. Fritz*, 404 S.W.2d 110 (Tex.Civ. App.—Corpus Christi 1966, no writ). Accordingly, the lis pendens is void.

The real parties in interest argue relators have other adequate legal remedies. They suggest the lis pendens may be cancelled by the deposit of money into court or by an undertaking. While those are undeniably the prescribed statutory methods for cancelling a lis pendens, Tex.Prop. Code Ann. § 12.008, they are not applicable in this case.

■ Because we hold the lis pendens at issue did not come within the provisions of § 12.007, relators are not required to comply with § 12.008 in order to nullify, remove or cancel the notice. *Lane v. Fritz*, 404 S.W.2d 110 (Tex.Civ.App.—Corpus Christi 1966, no writ).

The real parties in interest offer an impassioned argument that relators come to this Court with unclean hands and are, thus, undeserving of the equitable relief of mandamus. While their assertions are undeniably spirited, they are unsupported by the record before us except for bare allegations in their petitions filed below.

The lis pendens in this matter is void. Respondent should have granted relators' request to cancel it. We assume respondent will comply with the opinion of this Court. In the event he fails to do so before October 23, 1985, a writ of mandamus will issue.

The writ is conditionally granted.

SEARS, J., not participating.