In re DUVAL COUNTY RANCH COMPA-NY, Clinton Manges and Man–Gas Transmission Company, Debtor.

Bankruptcy No. 89–01286–C–11.

United States Bankruptcy Court,
S.D. Texas,
Corpus Christi Division.

July 2, 1993.

Deirdre B. Ruckman, Richard L. Nelson, Gardere & Wynne, Dallas, TX, for Clinton Manges and Helen Ruth Manges.

Patrick Deely, Kevin Warburton, McCamish & Martin, San Antonio, TX, for Manges Liquidating Trust.

MEMORANDUM OPINION ON MOTION TO VOID AND CANCEL NOTICES OF LIS PENDENS FILED BY CLINTON MANGES AND HELEN RUTH MANGES

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration the Motion of Manges Liquidating Trust to Void and Cancel Notices of Lis Pendens filed by Clinton Manges and Helen Ruth

Manges. The Court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds that the Motion should be granted and the Notices of Lis Pendens should be voided and canceled. In support of its ruling, the Court makes the following findings of fact and conclusions of law:

## BACKGROUND

The Creditor Plan of Reorganization was confirmed by a "Corrected Order Confirming First Amended Creditor's Plan of Reorganization of Seattle First National Bank and SeaFirst America Corporation", effective May 31, 1991. The confirmed creditor plan created a liquidating trust to be administered by the Liquidating Trustee for the benefit of creditors. The creditor plan provided for the transfer of all property of the bankruptcy estates of Duval County Ranch Company, Man–Gas Transmission Co., and Clinton Manges (the "Manges Debtors") to the Liquidating Trust for orderly disposition. Since confirmation of the plan, the Liquidating Trustee has been attempting to sell trust property.

On June 7, 1991, the Manges Debtors filed a Notice of Appeal concerning the confirmation of the creditor plan. The Manges Debtors sought a stay pending appeal from the Bankruptcy Court and the United States District Court seeking to stay the operation of the creditor plan in June of 1991. Both requests for stay were denied. Clinton Manges and Helen Manges thereafter filed lis pendens notices against property owned by the Liquidating Trust in Duval County, Webb County and Maverick County in the State of Texas. The Liquidating Trustee, in accordance with Article IV.2.1 of the Creditor Plan,[1] requested by letter that Clinton Manges and Helen Manges execute cancellation of lis pendens notices. Clinton Manges and Helen Manges did not cooperate and therefore, in accordance with Article IV.2.1 of the Creditor Plan, cancellation of lis pendens notices were executed by Colin K. Kaufman and filed. Clinton Manges and Helen Manges then re-filed new notices of lis pendens in the same counties.

The District Court affirmed this Court's order confirming the creditor plan by Order

---

1. Article IV.2.1 of the Creditor Plan, as amended by the Corrected Order Confirming First Amended Creditors' Plan, provides as follows:

IV.2.1 *Execution of documents to Effectuate the Creditor Plan.* Within three days of the Confirmation Date, the Manges Debtors and Helen Ruth Manges shall execute the Manges Creditor Trust Agreement and Blanket Conveyance establishing the Manges Creditor Trust and transferring all Manges Debtor Estate property to the Manges Creditor Trust, thereby creating Trust Property. Clinton Manges shall retain all property listed as exempt in his schedules filed on about March 14, 1990. There shall be no homestead claim whatsoever in favor of anyone on the Duval County Ranch or on any of the estate or Trust Property. The Manges Creditor Trust Agreement and the Blanket Conveyance shall be substantially in the form as in Appendix 1 and 2, respectively. The Manges Debtors and Helen Ruth Manges shall be under a continuing obligation to execute, within three days of demand, all documents of any kind to assist in effectuation of the purposes and intent of the Creditor Plan. The Court may order any other person at any time to execute all documents of any kind pursuant to section 1142 to assist in effectuation of the purposes and intent of the Creditor Plan. Pursuant to this provision, by order confirming the Creditor Plan, the Court will order all signatories necessary to carry out the provisions of the Blanket Conveyance to execute the Blanket Conveyance within three days of the Confirmation Date. In the event that the Manges Debtors, Helen Ruth Manges or any other person under an obligation herein to execute documents has not executed documents by the specified deadline, then the Court appoints Colin K. Kaufman to execute documents in the stead of any of the Manges Debtors, Helen Ruth Manges, or any other necessary signatory and such signature by the above appointee shall have the same legal effect as if the Manges Debtors, Helen Ruth Manges, or any other necessary signatory had executed the documents. Further, pursuant to section 1142, the Court orders Colin K. Kaufman to execute documents pursuant to the above appointment within three days of written demand by the Proponents' or the Liquidating Trustee's attorneys. In the event of an appointee execution of a document, there shall be no recourse whatsoever against the appointee, the court, the Liquidating Trustee, or the Proponents, although there may be recourse against the persons for whom the signatures are being supplied. In the event of any legal or physical incapacity preventing Colin K. Kaufman from executing documents, the Court may appoint a substitute or successor appointee to execute documents pursuant to this article. The Creditor Plan also shall be as legally effective to transfer and protect title as the Blanket Conveyance and may be publicly recorded in stead of the Blanket Conveyance.

entered May 4, 1993. The Manges Debtors filed their Notice of Appeal to the Fifth Circuit concerning the District Court's Order on May 12, 1993. The Manges Debtors sought a stay pending appeal from the District Court on May 14, 1993. The stay pending appeal request was immediately rejected by the District Court by Order entered May 14, 1993.

The Liquidating Trust has now filed its Motion to Void and Cancel the Notices of Lis Pendens in order that it may proceed with the provisions of the confirmed plan by selling property for the benefit of creditors. The Liquidating Trustee's attempts to sell the property, however, have been frustrated by the actions of the Manges debtors in filing the lis pendens notices.

## THE PROCEDURAL ISSUE

■ The Manges Debtors responded to the Motion to Void Lis Pendens and moved to dismiss the motion on the grounds that the relief requested by the Liquidating Trust may only be brought by adversary proceeding. The Fifth Circuit approved the avoidance of lis pendens requested by oral motion in *Matter of Texas Extrusion Corporation*, 844 F.2d 1142, 1151 (5th Cir. 1988), *cert. denied*, 488 U.S. 926, 109 S.Ct. 311, 102 L.Ed.2d 330 (1988). The Fifth Circuit held that "[w]hen a lis pendens is not authorized under Texas law, the Court need not follow the procedures prescribed by Texas Property Code Annotated Section 12.008 to cancel it ... [and] no additional procedural requirements are mandated by Bankruptcy Rule 9014 for the cancellation of invalid lis pendens." 844 F.2d at 1153. The *Texas Extrusion* case is controlling and this Court finds that the relief requested by the Liquidating Trust may, therefore, be granted by motion.

■ Even if the Court were to agree with the Manges Debtors' argument, the Liquidating Trust also filed on May 20, 1993, its Original Complaint for Declaratory Relief, Emergency Application for Temporary Restraining Order and Injunctive Relief, and Request for Expedited Hearing. That Complaint was assigned Adversary Proceeding Number 93–2079–C. Count 1 of the Complaint, paragraph 24, page 9, requests that this Court "declare all past and future notices of lis pendens filed by or on behalf of the Manges debtors or Helen Manges concerning this bankruptcy case to be void and of no effect." Even if not bound by the *Texas Extrusion* case, this Court could treat the pending motion in the main case as a Motion for Summary Judgment in Adversary Proceeding No. 93–2079–C. The argument of the Manges debtors must, therefore, fail.

## THE SUBSTANTIVE ISSUES

■ Tex.Prop.Code Ann. § 12.007(a) provides for the filing of a lis pendens in appropriate situations as follows:

> (a) After the plaintiff's statement in an eminent domain proceeding is filed, or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the County Clerk of each county where a part of the property is located a notice that the action is pending.

In the *Texas Extrusion* case, the Fifth Circuit held that the action of a Bankruptcy Court in declaring a lis pendens void and canceling the lis pendens was appropriate. The *Texas Extrusion* case involved four related debtors whose largest secured creditor and the unsecured creditors committee filed and obtained confirmation of a Joint Creditors Plan of Reorganization. Like the Manges Debtors, the Debtors in the *Texas Extrusion* case appealed the Order Confirming the Plan and sought a stay pending appeal from the Bankruptcy Court and the District Court, both of which were denied. The debtors then appealed to the Fifth Circuit and sought an emergency stay pending appeal which was also denied. Due to concern about the debtors' willingness to attend the closing provided for in the Plan, the creditors committee filed a Bankruptcy Rule 7070 motion in Bankruptcy Court. At the hearing on the Rule 7070 motion, "counsel for the Creditors' Commit-

tee verbally moved that a lis pendens notice previously filed by [debtors' counsel] on behalf of the debtors be canceled." [2] 844 F.2d at 1151. Following the hearing, the Bankruptcy Court voided the notice of lis pendens. The debtors appealed and the District Court affirmed.

The Fifth Circuit held that "the filing of the lis pendens notice was not authorized by Texas Statute and thus of no effect." 844 F.2d at 1152. The Court went on to note that an order confirming a plan of reorganization does not fall within the situations contemplated by the Texas Statute.

Texas cases interpreting § 12.007 provide this Court with guidance in its application. In *Lane v. Fritz*, 404 S.W.2d 110 (Tex.Civ.App.—Corpus Christi 1966, no writ), the 13th Court of Appeals held that § 12.007's predecessor, Art. 6640, Vernon's Ann.Civ.Stat., did not apply in a suit for damages for alienation of affection. The plaintiff in *Lane*, as part of her suit, sought a lien in her favor against all real property owned by the defendant to secure payment of the judgment she might recover. In connection with her request for a lien, she filed a notice of lis pendens against real property owned by the defendant. The 13th Court of Appeals held that the plaintiff's suit for damages and the lis pendens notice filed as part of that suit did not fall within § 12.007. The Court went on to hold that "the term 'to enforce any lien, charge or encumbrance' as used in Art. 6640 [now § 12.007], is not applicable where such lien does not exist prior to rendition of judgment under some provision of a contract, statute or the constitution." 404 S.W.2d at 112.

Section 12.007 was also found inapplicable in *Helmsley–Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding). There, the plaintiffs brought suit for breach of lease and constructive eviction and sought money damages. The plaintiffs also asked the court to "impose a lien against the real property ... to protect the

equitable title and rights of [the] plaintiffs." 699 S.W.2d at 644. The Texas Court of Appeals held that the lien sought by the plaintiffs did not directly affect defendant's real property and therefore, did not come within the provisions of § 12.007. 699 S.W.2d at 645.

Section 12.008 of the Texas Property Code provides for the cancellation of lis pendens and instructs on the proper procedures as follows:

(a) On the motion of a party or other person interested in the result of or in property affected by a proceeding in which a lis pendens has been recorded and after notice to each affected party, the court hearing the action may cancel the lis pendens at any time during the proceeding, whether in term time or vacation, if the court determines that the party seeking affirmative relief can be adequately protected by the deposit of money in court or by the giving of an undertaking.

Texas Courts of Appeal have held, however, that when a lis pendens does not come within the provisions of § 12.007, the party seeking to cancel it is not "required to comply with § 12.008 to nullify, remove or cancel the notice." *Helmsley–Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding), citing *Lane v. Fritz*, 404 S.W.2d 110 (Tex.Civ.App.—Corpus Christi 1966, no writ).

Likewise, the facts of this case do not fit within § 12.007. Confirmation of a Chapter 11 Plan is not an action "involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property" as set forth in § 12.007. There is no dispute here that the real property belonged to the Manges Debtors on the date of filing. Upon filing, the property became property of the Bankruptcy estate, subject to the jurisdiction of this Court. The fact that the confirmed plan transfers the property to the liquidating trust does not bring

---

**2.** Interestingly enough, counsel for the creditors committee who orally moved for cancellation of the lis pendens notice was a member of the

same firm who now represents the Manges Debtors and opposes cancellation of the lis pendens notice by motion.

this case under § 12.007. The Manges debtors are simply trying to circumvent the provisions of the Bankruptcy Code and the confirmed plan.

█ This Court further finds that the Manges Debtors are seeking to do by State statute what they were unsuccessful at accomplishing under Federal law. That is, the Manges Debtors unsuccessfully sought numerous stays pending appeal of the confirmation of the Creditor Plan. No doubt frustrated by their lack of success, the Manges Debtors have filed notices of lis pendens in an attempt to prevent the Liquidating Trust from transferring property pursuant to the confirmed plan. When there is an outright conflict between Federal and State law, or when compliance of both Federal and State laws are impossible, this Court is bound by Federal law. *Louisiana Public Service Commission v. Federal Communications Commission*, 476 U.S. 355, 368–69, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986). If the Court agreed with the position of the Manges Debtors, the conflict between Federal bankruptcy law and the State lis pendens provisions would be direct and irreconcilable. If a debtor could file a lis pendens notice to avoid enforcement of a confirmed plan of reorganization, the Bankruptcy Code would be emasculated. Almost all bankruptcies involve the transfer of title to real property. Orders of the Bankruptcy Court must have some finality. Moreover, the Bankruptcy Code requires swift resolution of issues. Accordingly, State law would have to yield. *Matter of Brickyard*, 735 F.2d 1154, 1158 (9th Cir.1984). This Court clearly has jurisdiction to enforce its own confirmation order and to prevent the Manges Debtors from hindering consummation of the Creditor Plan via State law procedures. The policy of the supremacy of Federal over State law would be controlling.

The lis pendens notices filed by the Manges Debtors can and must be canceled. A separate Order shall be entered herewith.