**Reversed and Render in Part, and Remand in Part and Memorandum Opinion filed May 14, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00104-CV

---

### JETALL COMPANIES, INC., Appellant

### V.

### GENE VAN DYKE AND ASTRID VAN DYKE, Appellees

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2018-77552**

---

## MEMORANDUM OPINION

This interlocutory appeal arises from the trial court's order denying appellant Jetall Companies, Inc.'s ("Jetall") motion to dismiss filed pursuant to the Texas

Citizens Participation Act ("TCPA")[1] and order overruling objections to TCPA evidence.[2] We reverse and render in part, and remand in part.

## I.     Background

Appellees Gene Van Dyke and Astrid Van Dyke (Van Dykes) live in a home in Houston, Harris County, Texas (the "Property"). The Van Dykes placed their home on the market for sale.  On February 4, 2018, the Van Dykes executed a contract (the "Contract") for the sale of the Property.  The Contract was an option contract between the Van Dykes, as sellers, and Jetall, as buyer.  The terms of the Contract did not give Jetall an exclusive option to purchase.  The Contract identified May 5, 2018, as the termination option deadline and June 4, 2018, as the closing date.

Thereafter, the parties executed a series of amendments over the next few months, which served to extend either the termination option period or closing date or both.  On August 6, 2018, the Van Dykes and Jetall executed the fourth amendment to the Contract, which extended the closing date from August 6, 2018, to August 13, 2018.  On August 13, 2018, the Van Dykes traveled to the title company and closed the transaction by signing all necessary documents.  Jetall, however, did not close the transaction.  Instead, Jetall asked the Van Dykes to extend Jetall's closing date until August 17, 2018.  The Van Dykes agreed and the parties executed the fifth and final amendment to the Contract, which extended Jetall's closing date.

---

[1] The TCPA is commonly referred to as an "anti–SLAPP" law—"SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation."

[2] *See* Tex. Civ. Prac. & Rem. Code § 27.003 (right to an interlocutory appeal from rulings on such motions).

On August 17, 2018, Jetall did not appear for the closing, did not tender the purchase price to the Van Dykes or the escrow agent, and did not execute any closing documents. According to the Van Dykes, Jetall never performed its obligations under the Contract, and no conveyance of the Property ever occurred.

Unbeknownst to the Van Dykes, on August 17, 2018, instead of closing on the Property, Ali Choudhri, President of Jetall, filed with the Harris County Clerk Real Property Records the following:

Affidavit and Memorandum of Contract to Purchase Real Estate

Grantor: GENE VAN DYKE, ASTRID VAN DYKE

Grantee: JETALL COMPANIES INC. AND/OR ASSIGNS

Property Address: 2940 Inverness Drive, Houston, Harris County, Texas 77019

Legal: Lot 2, Block 92, TRS 2B-2 & 2C of Tall Timbers Section of River Oaks

Be the world hereby appraised that I/we (**Grantee**) have an exclusive option to purchase the real property legally described above as Property, through a contract entered into by and between **Grantor, and Grantee**. Anyone dealing in and with the subject property shall contact **Grantee** at 1001 West Loop South, Suite 700, Houston, Texas 77027 or 713-789-7654 regarding the terms of the option to purchase and the parties' respective rights thereunder.[3]

On October 24, 2018, Walter Bering (licensed real estate broker for the Van Dykes) sent by email a Notice of Seller Termination of Contract and Request for the Release of Earnest Money to Jetall and the escrow agent at Transact Title.

On October 25, 2018, Jetall filed a lawsuit against the Van Dykes, alleging claims for breach of contract, fraud and fraudulent inducement, and fraud in a real

---

[3] Jetall did not afford notice of its filing of the Memorandum to the Van Dykes or their real estate broker—Bering. The Van Dykes learned of its filing, after the fact, through the escrow agent and title company, who notified Bering, who then, in turn, notified the Van Dykes.

estate transaction. Jetall requested its attorney's fees. Jetall alleged in its petition that the Van Dykes "refused to cooperate with Plaintiff to finalize the sale."

On November 26, 2018, the Van Dykes filed their Original Answer, including a general denial as well as "Verified Denial, Affirmative Defenses, and other Pleas and Claims." In Paragraph 16 of their Answer, the Van Dykes assert the following:

> The Van Dykes also seek recovery of all their costs, damages and attorneys' fees. Plaintiff fraudulently filed a cloud on the Van Dykes' property, located at 3940 Inverness Drive, Houston, Harris County, Texas 77019 (the "Inverness Property"). The Van Dykes own the Inverness Property in fee simple title. Plaintiff fraudulently filed a lis pendens in the Harris County Real Property Records under Harris County Clerk's file no. RP-2018-377709 (the "Memorandum"), for the sole purpose of creating a cloud on title to the Inverness Property. The filing of the Memorandum constitutes a violation of TEX. CIV. PRAC. & REM. CODE § 12.001, *et seq*. Plaintiff had no legal right to file the Memorandum in the Harris County Real Property Records. At the time the Memorandum was filed in the Harris County Real Property Records, Plaintiff knew or should have known that the recorded document was fraudulent, as described by § 51.901 (c) of the Texas Government Code. Plaintiff knew or should have known that it had no probable right of recovery against the Van Dykes at the time it filed the Memorandum. Accordingly, the Van Dykes request that the Court expunge the Memorandum, order it cancelled and removed as a cloud on the Van Dykes' Inverness Property, as well as award them all their attorney's fees, costs, damages and any other remedies permitted under TEX. Civ. PRAC. & REM. CODE § 12.006, and as per the terms of the subject Contract.

Additionally, in their conclusion of the Answer, the Van Dykes request the trial court:

> . . .cancel and expunge plaintiffs (sic) Memorandum from the Real Property Records of Harris County, Texas, as a fraudulent or wrongful lis pendens or cloud on the Van Dykes' Inverness Property, and award the Van Dykes judgment against Plaintiff for their attorneys' fees through trial and any appeals. . . .

In a Supplement to their Answer, the Van Dykes again requested the trial court to "expunge the Memorandum, order it cancelled and removed as a cloud on the Van Dykes' Inverness Property, as well as award them attorney's fees, costs, damages and any other remedies permitted under TEX. CIV. PRAC. & REM. CODE § 12.006."

On December 14, 2018, the Van Dykes filed a Motion to Expunge Lis Pendens, seeking the following:

> Because Jetall filed the Frivolous Lis Pendens in the official records of Harris County, Texas, Jetall is liable for the Van Dykes' attorneys' fees and court, cost, among other damages. Texas Civil Practice and Remedies Code section 12.002 forbids a person from filing or presenting a fraudulent document against real property. For the reasons noted hereinbefore, Jetall's filing of the Lis Pendens on the Property violates this statute. The statute delineates that an aggrieved party under this statute is entitled to, among other damages, its actual damages, court costs, attorneys' fees and exemplary damages. Accordingly, while the Van Dykes reserve their right to seek other damages at a later date, they hereby request an award of their attorneys' fees and court costs for having to prosecute this motion.

(footnotes omitted).[4]

In response to the Van Dyke's pleadings (*i.e.*, answer and motion to expunge), Jetall filed a motion to dismiss under the TCPA, contending:

> . . .the TCPA permits a party to seek early dismissal of a legal action that is "based on, relates to, or is in response to" the non-movant's exercise of the right to petition or the right of free speech. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). "Exercise of the right of petition" means a "communication made in or pertaining to" . . . "a judicial proceeding." *See id*. at 27.001(4)(A)(i).

---

[4] On December 17, 2018, the Van Dykes filed a motion for summary judgment. The record does not reflect any ruling on the summary judgment by the trial court.

Jetall maintains that the TCPA applies to the Van Dyke's fraudulent lien claim because both the Van Dyke's answer and motion to expunge constitute judicial pleadings or filings that request legal or equitable relief. Jetall further argues that they are based on, relate to, or are in response to Jetall's right to petition because a lis pendens is a publicly filed document that is made pendent to a legal proceeding to secure interest in real property. Jetall contends that the Van Dykes cannot establish a *prima facie* case of fraud under 12.02 of the Texas Civil Practice and Remedy Code.

The Van Dykes filed their response to the motion to dismiss, arguing that Jetall did not meet its initial burden under the TCPA of showing that the Memorandum is a "lis pendens" and is related to or in response to Jetall's right to petition. The Van Dykes contend that Jetall "cannot simply state that the Memorandum is a lis pendens and is based on the right to petition as a matter of law." According to the Van Dykes, the Memorandum filed by Jetall is not an actual lis pendens because it does not comply with the relevant statutory provisions governing a lis pendens. The Van Dykes also argue that the pleadings on file and affidavit of Gene Van Dyke attached to their response establish a *prima facie* case of the recording of a fraudulent lien by Jetall.

Jetall filed its reply in support of its motion to dismiss under the TCPA and objections to the Van Dyke's TCPA evidence. Jetall argues "[w]hether the lis pendens is a *meritorious lis pendens* does not affect whether it is, in fact, a lis pendens and whether the TCPA applies is a question that may be resolved from reviewing the pleadings alone." (emphasis in pleading). Additionally, Jetall asserts that there is an absolute privilege against a suit seeking damages for filing a lis pendens even when, as here, a party alleges the lis pendens was wrongful; thus, a lis pendens is exempt from giving rise to liability under Chapter 12 of the Texas Civil

6

Practice and Remedy Code. Moreover, Jetall objects to the TCPA evidence relied upon by the Van Dykes. Jetall contends that the Van Dykes exclusively rely on the affidavit of Gene Van Dyke and attached exhibits. Jetall contends that paragraphs 11 and 12 of Gene Van Dyke's affidavit are inadmissible under Texas Rule of Evidence 602 because it seeks to prove what Jetall's state of mind is/was, what Jetall's intentions in filing the lis pendens is/was, and what Jetall believed/believes. Jetall argues that Gene Van Dyke lacks personal knowledge of Jetall's intentions; hence, any testimony in this regard is speculative and lacks foundation. Jetall objects to exhibit 9 to the affidavit[5] as inadmissible hearsay under Texas Rule of Evidence 802, as the entire exhibit is a statement from a third party, other than affiant, offered for the truth of the matters asserted.

Thereafter, Jetall filed a response to the Van Dykes motion to expunge, providing a file-stamped copy of the withdrawal of the August 17, 2018, lis pendens. Jetall maintained the motion should be denied because "the issue is moot and there is no lis pendens for the Court to expunge." The record does not reflect a ruling by the trial court on the motion to expunge.

The trial court denied Jetall's motion to dismiss and overruled its objections to TCPA evidence by separate orders dated January 30, 2019. These orders are the subject of this appeal.

## II.    Analysis

In its brief, Jetall asserts two issues: (1) whether the trial court erred in denying the TCPA motion based on the evidence the trial court considered; and

---

[5] Exhibit 9 to Gene Van Dyke's affidavit is an email from Bering to the Van Dykes dated August 1, 2018. The subject matter of the email is "3940 Inverness - conversation with Ali." Ali Choudhri is the President of Jetall. Bering relates in the email an alleged conversation he had with Ali in which Ali was asking to renegotiate the deal, including reducing the offer substantially.

(2) alternatively, whether the trial court erred in overruling the evidence objections to the extent that evidence can serve to satisfy the Van Dykes' *prima facie* burden.

## A.    Is the TCPA applicable?

To dismiss a claim under the TCPA, the movant must first show by a preponderance of the evidence that the claim is based on, relates to, or is in response to the movant's bbbexercise of the right of free speech, the right to petition, or the right of association. Tex. Civ. Prac. & Rem. Code § 27.005(b).  We review this determination *de novo*.  *See Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 351–53 (Tex. App.—Houston [1st Dist.], pet. denied); *see also Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 725 (Tex. App.— Houston [14th Dist.] 2013, pet. denied).  Here, Jetall sought a TCPA remedy by filing a motion invoking the statute's protection of the rights litigants have to petition courts for relief.

When the trial court ruled on the motion to dismiss, the pleadings and evidence before it showed that the Van Dykes sought relief from the trial court in both their answer and motion to expunge lis pendens.  For example, in their answer, the Van Dyke's pled "Plaintiff fraudulently filed a lis pendens in the Harris County Real Property Records . . . for the sole purpose of creating a cloud on title to the Inverness Property"; thus, it sought removal, attorneys' fees and court cost. Similarly, in the Van Dyke's motion to expunge lis pendens, they argue that because Jetall filed the "Frivolous Lis Pendens in the official records of Harris County, Texas, Jetall is liable for the Van Dykes' attorneys' fees and court cost, among other damages." *See* Tex. Civ. Prac. & Rem. Code § 27.006(a) (directing courts to consider pleadings in deciding motions to dismiss that are based on the movant's rights under TCPA); *see Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (construing Tex. Civ. Prac. & Rem. Code § 27.006(a)).  Thus, the allegations in the

Van Dyke's live pleadings show that the Van Dyke's filed their fraudulent lien claim based on Jetall's filing of its lis pendens. *See id*. § 27.001(4) (broadly defining the "[e]xercise of the right to petition" to include "a communication in or pertaining to: . . . a judicial proceeding").

Accordingly, we conclude Jetall made the initial showing required under the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). Therefore, the burden shifted to the Van Dykes. *See id*. at § 27.005(c).

## B. Was a *prima facie* case established?

Because Jetall met its initial burden under the TCPA, the burden shifted to the Van Dykes to establish "by clear and specific evidence a *prima facie* case for each essential element" of their claim. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c). Accordingly, we examine the pleadings and the evidence in a light favorable to the Van Dykes to determine whether they marshaled "clear and specific" evidence to support each element of their cause of action. *See Better Bus. Bureau of Metro. Hous.*, 441 S.W.3d at 354–55. The Van Dykes allege a cause of action for fraudulent lien under Chapter 12 of the Property Code. Jetall contends the trial court erred in denying its motion to dismiss because the Van Dykes failed to present clear and specific evidence of the essential elements of their fraudulent lien claim.

### 1. A *prima facie* case for fraudulent lien

Section 12.002 of the Property Code forbids the filing of a fraudulent lien and allows a party injured by a fraudulent lien to recover damages. It provides:

(a) A person may not make, present, or use a document or other record with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

9

(2)   intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3)   intent to cause another person to suffer:

(A)   physical injury;

(B)   financial injury; or

(C)   mental anguish or emotional distress.

*See* Tex. Civ. Prac. & Rem. Code § 12.002(a).  The party asserting that a claimed lien is a fraudulent lien has the burden to prove the requisite elements in the statute. *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App.—Dallas 2008, no pet.).

## 2.   The law on lis pendens and the absolute privilege defense[6]

"Lis pendens provides a mechanism for putting the public on notice of certain categories of litigation involving real property." *Prappas v. Meyerland Cmty. Improvement Ass'n*, 795 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1990, writ denied).  "A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property, and notifying third parties that ownership of the property is disputed." *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).  Texas Property Code section 12.007, governing the filing of a lis pendens, provides, in pertinent part:

(a)   After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the

---

[6] As set forth, *infra*, in *Prappas*, we held that there is an absolute privilege defense against a suit seeking damages for placing a lis pendens, even when the plaintiff alleges the lis pendens was wrongful as falling outside the circumstances for which a lis pendens may be filed under section 12.007(a). *See* 795 S.W.2d at 795–800.  As such, we need not decide if the Van Dykes met the *prima facie* elements of a fraudulent lien claim.

enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

Tex. Prop. Code Ann. § 12.007(a). Section 12.007 also prescribes requirements for the contents of the notice, recording of the notice by the clerk, and service on others. *See id*. § 12.007(b)–(d).

The Van Dykes seek damages on the basis that Jetall was not authorized to place a lis pendens on the Property. Jetall relies on *Prappas*, in which our court set forth the defense of absolute privilege to an action seeking damages for the alleged wrongful filing of a lis pendens. *See* 795 S.W.2d at 795–800. We acknowledge that in *Prappas* the court did not address a fraudulent lien claim. *See* 795 S.W.2d at 795–800. However, this court reasoned in *Cty. Inv., LP v. Royal W. Inv., LLC*,

> [r]egardless, we conclude *Prappas* is also applicable to . . . fraudulent-lien claim. The *Prappas* court's reasoning for recognizing the privilege was not limited to the claims asserted in the suit or contingent on the motives of the party placing the lis pendens. *See generally id*. Significantly, we stated that availability of the privilege does not turn on whether the party placing the lis pendens acted in good faith and even malice would not dissolve the privilege.

513 S.W.3d 575, 581 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing *Prappas*, 795 S.W.2d at 799). In *Prappas*, we held there is an absolute privilege defense against a suit seeking damages for placing a lis pendens even when the plaintiff alleges the lis pendens was wrongful as falling outside the circumstances for which a lis pendens may be filed under section 12.007(a). *See* 795 S.W.2d at 795–800.

We further stated that there are remedies for nullifying an unauthorized lis pendens, including a statutory method for cancellation, or other request for an appropriate order from the trial court, with mandamus relief available if the trial

court refuses to order cancellation. *See Prappas*, 795 S.W.2d at 795–96, 798 (citing Tex. Prop. Code § 12.008; *Olbrich v. Touchy*, 780 S.W.2d 6 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding); *Moss v. Tennant*, 722 S.W.2d 762, 763 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding); *Helmsley–Spear of Tex., Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding)). In fact, we noted that "impossibility" of recovering damages is why courts have given a broad reading to the statute governing cancellation. *See Prappas*, 795 S.W.2d at 798; *see also Manders v. Manders*, 897 F. Supp. 972, 976–78 (S.D. Tex. 1995) (citing *Prappas* when holding that plaintiffs' claims for damages for tortious interference and slander of title based on filing a lis pendens were barred by absolute privilege defense under Texas law); *Bayou Terrace Inv. Corp. v. Lyles*, 881 S.W.2d 810, 818 (Tex. App.—Houston [1st Dist.] 1994, no writ) (citing *Prappas* when stating that absolute privilege defense bars suit for damages arising from filing a lis pendens).

In summary, because we are bound by the precedent of this court, dictating that the Van Dyke's claims for damages are barred by the defense of absolute privilege, we conclude the trial court erred by denying Jetall's motion to dismiss on the Van Dyke's fraudulent lien claim. *See Cty. Inv., LP*, 513 S.W.3d at 582. We sustain Jetall's first issue.

In light of our determination that the Van Dyke's fraudulent lien claim is barred by the defense of absolute privilege, we need not reach Jetall's second issue regarding the trial court's order overruling its objections to the Van Dyke's TCPA evidence.

### III. Conclusion

We therefore reverse the trial court's denial of Jetall's motion to dismiss and remand the case to the trial court for further proceedings relating to appellant's court costs, fees, attorney's fees, expenses, and sanctions as required by the TCPA, and to order dismissal of the Van Dyke's claim for fraudulent lien with prejudice.

/s/ Margaret "Meg" Poissant
   Justice

Panel consists of Justices Christopher, Hassan, and Poissant.