**Dario Omar GARZA, Relator,**

v.

**Honorable John A. POPE, III, Respondent.**

No. 04-97-00083-CV.

Court of Appeals of Texas, San Antonio.

April 16, 1997.

Rehearing Overruled April 30, 1997.

Margil Sanchez, Jr., Rio Grande City, for Relator.

Jose Luis Garza, Rio Grande City, James L. Rodriguez, San Antonio, for Respondent.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

In this original proceeding we determine whether the court abused its discretion in denying relator's motion to cancel or modify a lis pendens filed against a 20 acre tract. We conditionally grant a writ of mandamus directing the court to cancel the lis pendens.

### Factual and Procedural Background

Relator Garza owns 219 acres of land in Starr County. He has subdivided 20 acres for a residential development with dedicated public streets. Real parties, the Gonzalezes, have cattle on land adjacent to the 219 acres and use a dirt road running across part of the original 219 acres Garza owns for access and a waterline. This is called "the centerline easement." It is express and duly recorded. Real party Laurel uses the same easement for the same purposes for his adjacent ranch; however, Laurel's recorded easement is not defined or located on the acreage with any specificity.

A dispute arose when Garza's development activities tore up the dirt road and waterline. Real parties filed a suit for injunctive relief and damages and got a temporary injunction. Then Noel Gonzalez filed a lis pendens against the 20 acre subdivision. This impeded Garza's ability to sell off lots and develop the property. Garza twice filed a motion to cancel or modify the lis pendens. Respondent held evidentiary hearings twice and denied the motions. At the second hearing, Garza acknowledged both easements and stated that real parties would have access unless the court ordered otherwise. Garza also offered an undertaking by two sureties to cover any monetary judgment real parties might win at trial. The court again denied the motion to cancel or modify. Relator filed a petition for writ of mandamus alleging that the court's refusal to cancel or modify the lis pendens was an abuse of discretion.

### Lis Pendens

For purposes of this case, it is proper to file a lis pendens when the litigation involves the establishment of an interest in real property. *See* TEX.PROP.CODE § 12.007(a). The lis pendens statute provides persons litigating the title to property with a mechanism to give constructive notice to all those taking title to the property that the claimant is litigating a claim against the property. *Id.* at §§ 12.007, 13.004; *Khraish v. Hamed,* 762 S.W.2d 906, 913 (Tex.App.—Dallas 1988, no writ). Where only collateral questions are involved which might ultimately affect the interest of the parties to property, the doctrine of lis pendens does not apply. *Khraish,* 762 S.W.2d at 909; *Lane v. Fritz,* 404 S.W.2d 110, 111–12 (Tex.Civ.App.—Corpus Christi 1966, no writ). Where lis pendens is improper and the trial court has refused to cancel it, mandamus may lie to obtain relief. *See, e.g., Flores v. Haberman,* 915 S.W.2d 477, 478 (Tex.1995); *Helmsley–Spear of Texas, Inc. v. Blanton,* 699 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding).

The Gonzalezes and Laurel jointly filed suit claiming easements by different means. The Gonzalezes define their easement by metes and bounds description in the petition based on a written, recorded easement. Laurel has a written, recorded easement for roadway purposes "across and through" Block 1, Share 78, Porcion 81 of the 219 acres, and thus, it is "undefined." All parties agree that the two easements are at the same location—known as the centerline easement. No part of the centerline easement is

located within the 20 acres described in the lis pendens.

■ Garza seeks a cancellation under Texas Property Code § 12.008(1) because the lis pendens, filed only on the 20 acre subdivision which is merely collaterally involved in the lawsuit, is void; and (2) because this vehicle is not valid as a judgment lien. Gonzalez testified at the hearing that the 20 acre tract was selected for the lis pendens because it is the only tract Garza owns that doesn't have other liens against it. The plaintiffs below want the lis pendens to protect any judgment for damages. Mr. Gonzalez testified his damages include water mill repair, litigation costs, the loss of two cows, the cost of hauling water to cattle when access was denied, as well as mental anguish and punitive damages. The doctrine of lis pendens, however, is inapplicable to suits seeking only a money judgment. *See Lane v. Fritz*, 404 S.W.2d at 112 (suit for alienation of affections).

To rule on this matter, we need to determine whether the interest in the 20 acres is collateral to the lawsuit itself. The evidence presented showed that plaintiffs are claiming the centerline easement. Garza judicially admitted that the easements claimed by the Gonzalezes and Laurel run along the existing dirt road known as the centerline easement. Furthermore, there is a temporary injunction, so plaintiffs' easement rights are protected until the merits of their claims are determined. Laurel, however, alternatively claims an easement by necessity. The trial court expressed concern that this type of easement might also burden the 20 acres as part of the original 219 acre parcel.

## Easement by Necessity

Garza asserts that such easement is no longer necessary or convenient because there are now public, paved roads that real parties may use for access. Garza has also offered an alternate easement for the waterline. The trial court held: (1) that because Laurel's claim of easement does not define or describe the property, the lis pendens must cover the entire 219 acre tract; (2) that ·Laurel's pleadings claim a right-of-way which is a right or interest in law, thereby qualifying under § 12.007 as an interest in property subject to lis pendens; and (3) that while the Gonzalezes' claim is a collateral interest, Laurel's claim is not defined, and therefore, if the court modified the lis pendens, it would have the effect of a partial summary judgment on the merits of Laurel's claim.

■ There are no Texas opinions analyzing easements in conjunction with the validity of an attached lis pendens. To establish an easement by necessity, Laurel must establish, among other elements, the necessity of a roadway.[1] *Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex.1984). An easement by necessity is a temporary right which runs only "as long as necessary and convenient." *Bains v. Parker*, 143 Tex. 57, 182 S.W.2d 397 (1944). The necessity for an easement across the 20 acre parcel does not exist while all parties involved recognize the centerline easement. The temporary injunction provides access along the centerline easement and preserves the status quo. The real parties' interest in the centerline easement is in another parcel of land and relator has recognized the existence of the easements. We hold that real parties' interest is collateral to the 20 acre subdivision upon which the lis pendens is filed. The real parties are protected by the temporary injunction, the recognition of the easements on the record by Garza's counsel, and the additional routes of access that now exist for real parties.

■ The trial court held that Laurel's easement, being undefined, ran across the entire 219 acres. The right of way of necessity, however, is the right to a convenient way over the surrounding land, but not to every part of it. *State v. Black Bros.*, 116 Tex. 615, 297 S.W. 213, 219 (1927). While we make no ruling on the merits of Laurel's claim of easement, it is clear that he seeks to

---

1. An easement by necessity is established with proof of (1) unity of ownership of the dominant and servient estates prior to severance, (2) the necessity of a roadway, and (3) that the necessity existed at the time the estates were severed. *Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex.1984).

establish the location of such claim at the centerline easement. As no part of the centerline easement touches the 20 acres on which the lis pendens is filed, we hold that such filing is improper.

Under these circumstances, the trial court abused its discretion when it failed to cancel or modify the lis pendens. Relator's petition for writ of mandamus is conditionally granted. If the trial court has not issued an order canceling the lis pendens on or before April 30, 1997, writ will issue.