**In re Bryan JAMAIL.**

No. 03–04–00037–CV.

Court of Appeals of Texas, Austin.

Dec. 16, 2004.

Brian W. Bishop, Gray & Becker, P.C., Austin, for Relator.

Henry J. Novak, Austin, for Respondent.

Before Justices KIDD, B.A. SMITH and PEMBERTON.

## OPINION

PEMBERTON, Justice.

In this original proceeding, we determine whether the district court abused its discretion in denying Jamail's motion to cancel a lis pendens filed against three lots in a subdivision he owns. We conditionally grant a writ of mandamus directing the district court to cancel the lis pendens.

## BACKGROUND

In late 1998, Bryan Jamail purchased thirty acres off Highway 290 in southwestern Travis County. In June 2001, he entered into a contract to sell a section of the property ("Section 4"), subdivided into

twenty-seven lots, to PIB. Upon Jamail's "substantial completion" of contract terms, PIB was to purchase all the lots constituting Section 4 over a period of time at a price of $70,000 each. If Jamail failed to "substantially complete" the subdivision improvements by September 1, 2001, PIB was allowed to unilaterally terminate the contract. If not "substantially complete" by March 15, 2002, Jamail could unilaterally terminate the contract.

Jamail admits that he did not substantially complete the improvements by September 1, 2001. However, PIB did not immediately exercise its right to terminate the contract. Instead, between September 1, 2001, and February 13, 2002, PIB submitted house plans to the subdivision architectural control board, moved its sales trailer onto a lot in Section 4, and began marketing lots. However, on February 13, 2002, PIB faxed Jamail a letter in an attempt to terminate the contract. On May 14, Jamail filed suit in district court, seeking specific performance.

After discovery began, the parties entered into settlement negotiations, which resulted in a written settlement agreement, titled "Rule 11 Agreement." *See* Tex.R. Civ. P. 11. According to the Rule 11 agreement, PIB would purchase three lots of the remaining eighteen then available in Section 4 from Jamail "at Jamail's current marketing prices." PIB would select the three lots "from Jamail's current price list for Section 4 lots, a copy of which is attached hereto as Exhibit A." Closing would occur on February 27.

After the Rule 11 agreement was filed with the district court, a dispute arose concerning the prices of lots PIB was to purchase. During a trial concerning the enforceability and price terms of the Rule 11 agreement, PIB developed evidence showing that on November 22, 2002, Jamail conveyed to a couple, Mark Lind and Sonja Franklin, nineteen of Section 4's twenty-seven lots by special warranty deed.[1] Apparently, the parties intended to convey only one lot. This deed was filed with the Travis County Clerk. Sometime in February 2003, the title company, Chicago Title, attempted to correct the deed by filing with the Travis County Clerk an identical copy of the special warranty deed containing handwritten changes. This "corrected" deed is not signed by Jamail, Lind, or Franklin. According to Jamail's trial testimony, the conveyance of nineteen lots to Lind and Franklin was a result of Chicago Title's clerical error and his own failure to read the original deed. In addition, he testified that Chicago Title became aware of the mistake because Lind notified them of it.

After the conclusion of the bench trial, the district court entered judgment in favor of Jamail ordering PIB to purchase three lots according to the terms of the filed Rule 11 agreement and awarding Jamail attorney's fees. PIB appealed, the merits of which we decide today in a separate opinion. *See Partners in Bldg., Inc. v. Jamail,* No. 03–04–00709–CV, 2004 WL 2900475 (Tex.App.—Austin Dec. 16, 2004, no pet. h.). However, on October 23, 2003, PIB filed a notice of lis pendens with the Travis County Clerk, communicating that it had elected to purchase Lots 4, 5, and 6 in Block A of Section 4, in compliance with the judgment of the district court, and stating that it was giving notice that any person who may purchase those lots "shall purchase such lots subject to the right of purchase vested" in PIB as a result of the

---

1. The conveyance included lots one through ten of Block A and lots one through nine of Block B.

judgment. *See* Tex. Prop.Code Ann. § 12.007 (West 2004). PIB did not actually purchase those lots; it only sought to preserve its right to purchase those particular lots should its appeal on the merits fail. In response, on October 30, Jamail filed a motion to cancel the lis pendens,[2] which the district court denied. Jamail filed a petition for writ of mandamus, alleging that the court's refusal to cancel the lis pendens was an abuse of discretion.

## DISCUSSION

■ Lis pendens is a mechanism to give constructive notice to all those taking title to the property that the claimant is litigating a claim against the property. Tex. Prop.Code Ann. §§ 12.007, 13.004 (West 2004); *Garza v. Pope*, 949 S.W.2d 7, 8 (Tex.App.—San Antonio 1997, orig. proceeding); *Khraish v. Hamed*, 762 S.W.2d 906, 913 (Tex.App.—Corpus Christi 1988, no writ). It is proper to file a lis pendens when the litigation involves the establishment of an interest in real property. *See* Tex. Prop.Code Ann. § 12.007(a).[3] However, only a party to the action *who is seeking affirmative relief* may file a lis pendens. *Id.* If only collateral questions are involved which might ultimately affect the interest of the parties to property, lis pendens is not available. *Garza*, 949 S.W.2d at 8; *Khraish*, 762 S.W.2d at 909; *Lane v. Fritz*, 404 S.W.2d 110, 111–12 (Tex.Civ.App.—Corpus Christi 1966, no writ). Where lis pendens is improper and the trial court has refused to cancel it, mandamus may lie to obtain relief. *Garza*,

949 S.W.2d at 8; *see also, e.g., Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995); *Helmsley–Spear of Tex., Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding).

■ In reviewing a lis pendens, courts look only to the petition to determine whether the action comes within the provisions of the lis pendens statute. *Hughes v. Houston Northwest Med. Ctr.*, 647 S.W.2d 5, 6 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd w.o.j.); *see also Flores*, 915 S.W.2d at 478. To qualify as a claim for affirmative relief, a defensive pleading must allege a cause of action, independent of the plaintiff's claim, on which the defendant could recover, even though the plaintiff may abandon or fail to establish its own cause of action. *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990).

In this case, PIB admits that it was not seeking affirmative relief in its pleadings. In fact, it was not asserting any direct interest in any of the lots. Rather, it sought only to void its obligations under the Rule 11 agreement. An attempt to void an obligation to buy three lots from a group of eighteen cannot be construed as an action involving "the establishment of an interest in real property." *See* Tex. Prop.Code Ann. § 12.007(a). If PIB ultimately prevails on the merits of its appeal, it would establish that it had *no* interest in any real property. Conversely, upon failure of its appeal, it would still have no interest in any real property until it per-

2. Jamail also asked the district court to enforce the judgment and to find PIB in contempt.

3. The property code provides in relevant part: After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.
Tex. Prop.Code Ann. § 12.007(a) (West 2004).

formed according to the Rule 11 agreement. Thus, PIB had no statutory basis for filing the lis pendens. We agree with Jamail that the trial court abused its discretion in failing to cancel it.

Nevertheless, PIB urges us to consider what it views as the equities rather than the statutory language and treat the judgment ordering specific performance of the Rule 11 agreement as satisfying the affirmative-relief requirement because the judgment granted PIB the right to choose three from among the eighteen lots then available. Otherwise, PIB asserts, it would be bound by the Rule 11 agreement while Jamail would be able to sell all but three of the lots during the pendency of the appeal and leave it with no choice of which three lots to purchase.

We are not free to rewrite the statute in the manner that PIB suggests. The legislature has provided that lis pendens is available only to a party who is seeking affirmative relief. Tex. Prop.Code Ann. § 12.007(a). Moreover, the purpose of a statutory lis pendens notice is to put those interested in a particular tract of land on inquiry as to the facts and issues involved in a suit or action concerning that particular tract. *Kropp v. Prather,* 526 S.W.2d 283, 286 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *see also Taliaferro v. Smith,* 804 S.W.2d 548, 550 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Prappas v. Meyerland Cmty. Improvement Ass'n,* 795 S.W.2d 794, 795 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Lis pendens may have the effect of protecting a party's property rights during the pendency of an action by dissuading third parties from purchasing the affected properties. However, its primary purpose is to give protection to innocent purchasers who under the common law otherwise might have remained ignorant of another's superior property rights.[4] *See City Nat'l Bank v. Craig,* 233 S.W. 631, 631 (Tex.Civ.App.—San Antonio 1921), *aff'd,* 113 Tex. 375, 257 S.W. 210 (1923). Those concerns do not exist in this case because PIB would have had no superior property right to assert over an innocent subsequent purchaser regardless of the outcome of its appeal on the merits.

Under these circumstances, the trial court abused its discretion when it failed to cancel the lis pendens. Jamail's petition for writ of mandamus is conditionally granted. If the trial court has not issued an order cancelling the lis pendens on or before December 30, 2004, writ will issue.

---

4. Under the common law, the filing of a suit was notice of lis pendens. *See City Nat'l Bank v. Craig,* 233 S.W. 631, 631 (Tex.Civ. App.—San Antonio 1921), *aff'd,* 113 Tex. 375, 257 S.W. 210 (1923). The legislature created the lis pendens statute to give potential purchasers more readily accessible notice of legal proceedings involving property. *Id.*