TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00253-CV






In re TSSD III, Ltd.; Willy Jorssen; Jacques Wittock; Ignace Boterman; Albert Santy;


Jan Camerlink; Carlina Holding, Ltd.; Marc Corluy; Andre Dauw; Therese


De Baecke; Jan Demyttenaere; Marc Grysolle; Jacques Haegeman;


Joseph Hensen; Impaco NV; et al.






ORIGINAL PROCEEDING FROM TRAVIS COUNTY







M E M O R A N D U M O P I N I O N



 Relators have filed their petition for writ of mandamus and motion for emergency
relief, complaining of the trial court's order cancelling their lis pendens on two tracts of land and
enjoining the filing of further lis pendens. We conditionally grant the petition for writ of mandamus.

 The individual relators were investors and limited partners in TSSD III, Ltd., a
partnership created by general partner and real party in interest William B. Pohl for the purpose of
buying and reselling land. One of the tracts of land to be purchased was a 138-acre tract, and the
partners invested about $9 million to buy the property. However, the property was not bought as a
separate 138-acre tract; instead, Pohl bought it as part of a larger 445-acre tract through another
partnership called 138 Acres, Ltd. To make this larger purchase, Pohl borrowed additional money,
believing he could find more investors to retire the debt. In May 2000, Pohl asked the limited
partners to make additional investments. The relators describe Pohl's solicitations as extortion and
say that he "foreclosed" on any partner who did not make the requested investments. The relators
were foreclosed on and are, according to Pohl, "former limited partners"; the relators alleged that
the foreclosure of their partnership interests was illegal.

 In October 2004, relators sued Pohl and others, bringing a derivative action on behalf
of TSSD and alleging theft and conversion of the invested money, fraud, breach of contract, breach
of fiduciary duty, and other claims. Relators argued that they were illegally divested of their
partnership interests and sought a return of their investments. In December 2004, relators filed
notices of lis pendens, asserting ownership rights in the 138-acre tract and in a 76-acre tract, stating
that they were suing Pohl and others for theft, conversion, and other claims. 

 In the meantime, Cerco Development agreed to buy an undivided 51% interest in 129
acres of the 138-acre property, with closing apparently set for May 15, 2005. On April 27, Pohl
moved to have the lis pendens cancelled and to have relators barred from filing further lis pendens. 
Pohl sought the cancellation under section 12.007 of the property code, see Tex. Prop. Code Ann.
§ 12.007 (West 2004), arguing that the lis pendens was invalid because relators did not have a direct
ownership interest and at most had a collateral interest in the land. He argued that if the Cerco sale
is delayed or halted, TSSD, which is behind on its payments, risks losing the property through
foreclosure. On May 5, relators supplemented their petition to attack the pending sale. Relators
asserted that Pohl obtained consent for the sale through fraud and argued that the sale is void and a
breach of Pohl's fiduciary duty. Relators asked the court to stop the sale and enjoin Pohl from
selling any of TSSD's property without court approval.

 The trial court held a hearing on Pohl's request for cancellation of the lis pendens and
injunctive relief and on May 6 signed an order canceling both of relators' lis pendens and enjoining
them from further filings. Relators then filed this petition for writ of mandamus and motion for
emergency relief. They ask that we vacate both the trial court's order and the temporary injunction.

 A lis pendens may be filed during the pendency of an action involving title to
property, to establish an interest in property, or to enforce an encumbrance. Id. § 12.007(a);
Helmsley-Spear of Tex., Inc. v. Blanton, 699 S.W.2d 643, 645 (Tex. App.--Houston [14th Dist.]
1985, orig. proceeding). In reviewing the validity of a lis pendens, courts are to consider only the
plaintiffs' pleadings to determine whether they seek to establish an interest in real estate. See In re
Jamail, 156 S.W.3d 104, 107 (Tex. App.--Austin 2004, orig. proceeding); Hughes v. Houston
Northwest Med. Ctr., 647 S.W.2d 5, 6 (Tex. App.--Houston [1st Dist.] 1982, writ dism'd w.o.j.)
(discussing predecessor statute). If a party seeking affirmative relief asserts an ownership interest
in property, lis pendens is valid. See Jamail, 156 S.W.3d at 107.

 Pohl argues that relators have no direct property interest in the acreage because they
are merely limited partners and have, at best, a collateral interest. However, relators sued not only
in their individual capacities as investors or former investors in TSSD, but also brought a derivative
suit on behalf of TSSD, alleging that Pohl was mismanaging the partnership. TSSD has a direct
ownership interest in the property. Moreover, in their amended petition, relators sought to block this
and any other sale of the property. On the face of their pleadings, relators have complied with
section 12.007 of the property code, and the trial court abused its discretion in canceling the lis
pendens as void under section 12.007. (1)

 If a valid lis pendens has been recorded, a trial court may cancel it if it determines that
the party seeking the affirmative relief "can be adequately protected by the deposit of money into
court" or by the guarantee of payment of any judgment that may be entered in favor of the party that
filed the lis pendens. Tex. Prop. Code Ann. § 12.008 (West 2004). In this case, Pohl did not seek
cancellation under section 12.008, and the trial court did not comply with the protections mandated
by section 12.008 in ordering the cancellation. Therefore, cancellation could not be proper under
that section.

 Mandamus is an appropriate remedy when issues arise concerning the issuance of
notices of lis pendens. First Nat'l Petroleum Co. v. Lloyd, 908 S.W.2d 23, 24 (Tex. App.--Houston
[1st Dist.] 1995, orig. proceeding). The trial court abused its discretion in cancelling relators' lis
pendens. We therefore conditionally grant relators' petition for writ of mandamus and direct the trial
court to vacate its order canceling the notices of lis pendens. A writ of mandamus will issue only
in the event the trial court refuses to do so. See Tex. R. App. P. 52.8. Because we have decided the
merits of relators' petition, we dismiss relators' motion for emergency relief.



 __________________________________________

 David Puryear, Justice

Before Justices B. A. Smith, Puryear, and Pemberton

Filed: May 13, 2005

1. We note that the trial court's order cancelled relators' lis pendens on both the 138-acre tract and
the 76-acre tract. Pohl's motion to cancel the lis pendens concerned the 138-acre tract only. Thus,
the court erred in canceling the lis pendens on the 76-acre tract without being requested to do so.