

**NUMBER 13-10-463-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **SHERMAN A. BROWN AND VIOLETTE M. BROWN,** | **Appellants,** |

**v.**

| | |
|---|---|
| **JOHN S. MARTIN AND THE ESTATE OF ROBERT LOUIS ANDERSON, DECEASED,** | **Appellees.** |

### On appeal from the 130th District Court of Matagorda County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This is an appeal from a trial court judgment awarding appellees, John S. Martin and the Estate of Robert Louis Anderson, Deceased ("Martin") damages, costs, and attorney's fees against appellants, Violette M. Brown and Sherman A. Brown (the "Browns") in an action for fraudulent lien brought under section 12.002 of the Texas Civil

Practice and Remedies Code.  TEX. CIV. PRAC. & REM. CODE ANN. § 12.002 (West Supp. 2010).  By five issues, the Browns, acting pro se, complain that there is no evidence that they did not have a right to a lis pendens against Martin.  They also argue that compliance with section 51.901 of the Texas Government Code was a prerequisite to filing an action pursuant to section 12.001 et. seq. of the Texas Civil Practice and Remedies Code.  See TEX. GOV'T CODE ANN. 51.901 (West Supp. 2010); TEX. CIV. PRAC. & REM. CODE § 12.001 (West Supp. 2010).  The Browns concentrate their arguments on their assertion that there was no evidence that the lis pendens that were filed were fraudulent or that the Browns knew they were fraudulent.  While the Browns state five issues in their brief, they make no attempt to separate the issues in the argument section. We will treat their arguments together as a challenge to the trial court's ruling that Martin is entitled to judgment on his statutory claim.  We affirm.

## I.  BACKGROUND

This case arose after the death of Robert Louis Anderson in 2000.  The probate of his estate began as an administration brought by Ruth Anderson, Robert's second wife and John Martin's mother.  After Ruth died, Martin intervened in the administration in which Martin sought to probate the will.  The main probate asset was a house that Ruth and Robert Anderson occupied prior to their deaths.  The district court admitted the will to probate and remanded the case to the probate court.  Sherman Brown intervened in that case alleging fraud against Martin with regard to the purchase of the house. Sherman alleged he had a contract to buy the house and he claimed that Martin refused to honor it.  The trial court granted summary judgment in Martin's favor.  This Court

2

reversed the summary judgment, holding that the summary judgment was improperly granted because Martin's affidavit in support was conclusory. *In re Estate of Anderson*, Nos. 13-07-00112-CV and 13-07-00131-CV, 2008 WL 3894653 (Tex. App.—Corpus Christi Aug. 25, 2008, pet. denied).

Subsequently, the Browns filed lis pendens on the property in question in June and December of 2006, and in February of 2007. After the trial court dismissed all three lis pendens, Martin filed suit against the Browns for their wrongful and fraudulent filing. After a non-jury trial, the trial court awarded Martin and the Estate of Anderson $10,000, jointly and severally, against Sherman and Violette Brown plus interest, attorney's fees of $7,620.00 and court costs. The trial court also awarded exemplary damages against Violette and Sherman Brown of $10,000.00 each.

## II. STANDARD OF REVIEW

This was a statutory cause of action tried to the court. Proposed findings of fact were filed by Martin, but there is no indication in the clerk's record that they were adopted by the trial court, and there is no complaint in the Browns' original brief regarding the absence of fact findings. The Browns seem to argue that the proposed findings do not support the judgment and we should review the case de novo. In their reply brief, for the first time, they argue that they are entitled to a reversal of the trial court's judgment because the trial court did not file findings of fact and conclusions of law. A party cannot raise a new issue in a reply brief. *Dallas County v. Gonzales*, 183 S.W.3d 94 (Tex. App.—Dallas 2006, pet. denied). The Browns' argument, filed in a reply brief, comes too late and is waived. The Browns chose to represent themselves in the trial court and on

3

appeal. There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Litigants who represent themselves must comply with the applicable rules of procedure, otherwise, they are given an unfair advantage over litigants represented by counsel. *Id.* at 185. Because the trial court did not adopt the findings proposed and because the Browns did not timely complain on appeal about the trial court's failure to file fact findings, we will review this case as if no findings were made.

It is well established that when no findings of fact or conclusions of law are requested or filed, we must uphold the trial court's judgment on any legal theory supported by the record. *See, e.g., Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978); *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex. 1968). We imply all necessary findings in support of the trial court's judgment. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992). However, when a reporter's record is included in the record on appeal, the implied findings may be challenged for legal and factual sufficiency. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam).

### III. APPLICABLE LAW

Lis pendens is a mechanism to give constructive notice to all those taking title to the property that a claimant is litigating a claim against the property. *Garza v. Pope*, 949 S.W.2d 7, 8 (Tex. App.—San Antonio 1997, orig. proceeding); *Khraish v. Hamed*, 762 S.W.2d 906, 913 (Tex. App.—Corpus Christi 1988, no writ). A lis pendens is a notice, recorded in the chain of title to real property warning all persons that certain property is the subject matter of litigation. *B.F.F. Distributors v. White*, 325 S.W.3d 786, 789 (Tex.

4

App.—El Paso 2010, no pet.). A properly filed lis pendens is not itself a lien, but operates as constructive notice to the world of its contents. *Id.* at 789. It is proper to file a lis pendens when the litigation involves the establishment of an interest in real property. *See* TEX. PROP. CODE ANN. § 12.007(a) (West Supp. 2010). However, only a party to the action seeking affirmative relief may file a lis pendens. *Id.* If only collateral questions are involved that might ultimately affect the interest of the parties to property, lis pendens is not available. *Garza*, 949 S.W.2d at 8; *Khraish*, 762 S.W.2d at 909; *Lane v. Fritz*, 404 S.W.2d 110, 111–12 (Tex. Civ. App.—Corpus Christi 1966, no writ). For instance, if a party seeks a property interest only to secure recovery of damages or other relief, the interest is collateral and will not support a lis pendens. *Countrywide Home Loans v. Howard*, 240 S.W.3d 1, 7 (Tex. App.—Austin 2007, pet. denied).

In reviewing a lis pendens, courts look only to the petition to determine if the action comes within the provision of the lis pendens statute. *In re Jamail*, 156 S.W.3d 104, 107 (Tex. App.—Austin 2004, orig. proceeding). In *Jamail*, the court said that an attempt to void an obligation to purchase could not be considered an action to establish an interest in real property. *Id.* at 107.

## IV. ANALYSIS

The Browns initially suggest that there is no evidence that they do not have a lis pendens claim against Martin. They urge that Martin "cannot overcome the element of "Fraudulent" under C.P.R.C. § 12.006(a)(2)." In other words, the Browns argument appears to be that there is no evidence that the lis pendens they filed were fraudulent.

5

This action was filed by Martin pursuant to section 12.002 of the Texas Civil Practice and Remedies Code, which provides:

(a) A person may not make, present, or use a document or other record with:

    (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

    (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

    (3) intent to cause another person to suffer:
      (A) physical injury;
      (B) financial injury; or
      (C) mental anguish or emotional distress.

(a-1) Except as provided by Subsection (a-2), a person may not file an abstract of a judgment or an instrument concerning real or personal property with a court or county clerk, or a financing statement with a filing office, if the person:

    (1)  is an inmate; or

    (2)  is not licensed or regulated under Title 11, Insurance Code, and is filing on behalf of another person who the person knows is an inmate.

(a-2) A person described by Subsection (a-1) may file an abstract, instrument, or financing statement described by that subsection if the document being filed includes a statement indicating that:

    (1)  the person filing the document is an inmate; or

    (2)  the person is filing the document on behalf of a person who is an inmate.

6

(b) A person who violates Subsection (a) or (a-1) is liable to each injured person for:

   (1) the greater of:
      (A) $10,000; or
      (B) the actual damages caused by the violation;

   (2) court costs;

   (3) reasonable attorney's fees; and

   (4) exemplary damages in an amount determined by the court.

(c) A person claiming a lien under Chapter 53, Property Code, is not liable under this section for the making, presentation, or use of a document or other record in connection with the assertion of the claim unless the person acts with intent to defraud.

Thus, under the statute, in order to recover, Martin was required to prove that the Browns: (1) made, presented, or used a document with knowledge that it was a fraudulent lien; (2) intended the document to be given legal effect; and (3) intended to cause Martin financial injury. *Id.*

Violette Brown, Sherman Brown's wife, was the individual who filed the lis pendens and represented the couple at trial and on appeal. She is not an attorney. Violette testified at trial that she was an experienced realtor who had learned to do extensive legal research. In fact, she has represented her husband and herself in other matters that have been before this Court. At trial, Violette testified that in June of 2006, she filed a lis pendens regarding the property in question. She agreed that it was her intent at the time to have the lis pendens be perceived as a legal lien against the real property of Martin and the estate of Anderson. While legally a lis pendens does not create a lien, it is clear from title of the documents filed by the Browns, as well as her testimony, that she intended to

7

create a lien.

Violette also testified that after she filed the lis pendens, she received a letter from Martin's counsel asking her to voluntarily withdraw the lis pendens, but she did not. The letter outlined a portion of the property code that allows only a person seeking affirmative relief to file a lis pendens. While Violette explained that it was her position that she was a party to the case because she "had talked to everyone about it," she admitted on cross-examination that she was not in fact an actual party. She confirmed that she was "miffed" with Martin and filed a lis pendens to prevent the sale of the property to anyone else, because Martin would receive a financial benefit when he sold the property. She stated that she had a right to file a lien because "he was trying to get out of the contract with them." While she did not admit that she knew the lis pendens were fraudulent, she nevertheless filed two additional lis pendens after the trial court cancelled them.

Sherman Brown agreed in his testimony that the purpose of placing a lis pendens on the property was to stop it from being sold, and that he intended that the lis pendens be given legal effect. He wanted to buy the house himself and to stop the sale of the house to anyone else. He explained that after the trial court cancelled the first lis pendens, he filed a second one because it was his intent to try to keep a lien on the property.

Martin testified that, to the best of his knowledge, Sherman did not seek title to the property. He said the documents that were filed by the Browns "stopped everything." He explained that he suffered out of pocket expenses to take care of the legal matters associated with attempting to cancel the liens.

8

The three lis pendens were admitted into evidence at the trial.  In the first, neither of the Browns were parties to the action.  Likewise, the second lis pendens states that there was a "dispute regarding the conveyance of the property."  Violette, who filed the second lis pendens, was not a party to any litigation that would have supported a lis pendens.  The second one was filed immediately after the trial court cancelled the first one.  Violette also testified that she assisted her husband in filing a third lis pendens on the property in February 2007.  In his affidavit, Sherman stated that "this lis pendens does not constitute actual interference with any property involved, and does not result in actual seizure of the property, and only protects my grantee and prevents a grantee from being an innocent purchaser."  He further indicated that he was seeking monetary damages for fraud from Martin.  The third lis pendens states that there is a legal dispute regarding the conveyance of the property.

We conclude that there was evidence from which the trial court could have reasonably concluded that the Browns knew the documents were fraudulent, that they intended for them to have legal effect and they intended to cause Martin both financial injury, mental anguish or emotional distress.  We overrule the Brown's issues as they relate to the statutory claim.

The Browns also appear to contend that Martin was required to pursue a judicial determination under section 51.903 of the Texas Government Code and a prerequisite to seeking relief in section 12.002 of the Texas Civil Practice and Remedies Code.  Section 51.903 provides, in part:

> (a) A person who is the purported debtor or obligor or who owns real or personal property or an interest in real or personal property and who has

9

reason to believe that the document purporting to create a lien or a claim against the real or personal property or an interest in the real or personal property previously filed or submitted for filing and recording is fraudulent may complete and file with the district clerk a motion, verified by affidavit by a completed form for ordinary certificate of acknowledgment, of the same type described by section 121.007, Civil Practice and Remedies Code . . .

*Id.* § 51.903.

We note, however, that the statute specifically says that the individual who has reason to believe a document is fraudulent may file a motion with the district clerk. Section 12.002 of the Texas Civil Practice and Remedies Code, on the other hand, provides a statutory cause of action for a civil remedy in damages for someone who has recorded a fraudulent court record, fraudulent lien or claim against real or personal property or an interest in real or personal property, a lien in violation of law. *Id.* § 12.002(a)(1). It does not require prior compliance with section 51.903 of the government code prior to filing. We overrule issue five.

## V. CONCLUSION

Having overruled all of the Brown's issues, we affirm the judgment of the trial court.

ROSE VELA
Justice

Delivered and filed the
4th day of August, 2011.

10