# IN THE SUPREME COURT OF TEXAS

═══════════════
No. 15-0847
═══════════════

RAY SOMMERS, AS CHAPTER 7 TRUSTEE FOR ALABAMA AND DUNLAVY, LTD., FLAT
STONE II, LTD., AND FLAT STONE, LTD., AND AS SUCCESSOR IN INTEREST TO JAY
COHEN, INDIVIDUALLY AND AS TRUSTEE OF THE JHC TRUSTS I AND II, PETITIONER,

v.

SANDCASTLE HOMES, INC., RESPONDENT

*-consolidated with-*

═══════════════
No. 15-0848
═══════════════

RAY SOMMERS, AS CHAPTER 7 TRUSTEE FOR ALABAMA AND DUNLAVY, LTD., FLAT
STONE II, LTD., AND FLAT STONE, LTD., AND AS SUCCESSOR IN INTEREST TO JAY
COHEN, INDIVIDUALLY AND AS TRUSTEE OF THE JHC TRUSTS I AND II, PETITIONER,

v.

NEWBISS PROPERTY, LP, RESPONDENT

═══════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
═══════════════════════════════════

JUSTICE WILLETT, joined by CHIEF JUSTICE HECHT and JUSTICE DEVINE, dissenting.

Sommers argues that Sandcastle and NewBiss had actual knowledge of the Cohen lawsuit

concerning the West Newcastle property when they bought the property, and that they acquired

this knowledge independently of the lis pendens notices of the Cohen lawsuit. On this basis,

Sommers says the trial court erred in granting summary judgment for Sandcastle and NewBiss, and the Court agrees.

Frankly, the statute is a linguistic mare's nest. The Court today refers to the statute's "plain text"[1] and "plain language,"[2] but this provision is the antithesis of plain. It is a muddle the Court must muddle through. And while I understand the Court's interpretation, I do not share it. I read the statute differently, and would reach a different result—namely, one that doesn't effectively repeal subsection (f)(2). I agree with the trial court and the court of appeals that the statute grants bona-fide purchaser status to Sandcastle and NewBiss.

\* \* \*

Subsection 12.0071(f) of the Property Code states:

After a certified copy of an order expunging a notice of lis pendens has been recorded, the notice of lis pendens and any information derived from the notice:
   (1) does not:
        (A) constitute constructive or actual notice of any matter contained in the notice or of any matter relating to the proceeding;
        (B) create any duty of inquiry in a person with respect to the property described in the notice; or
        (C) affect the validity of a conveyance to a purchaser for value; and
   (2) is not enforceable against a purchaser or lender described by Subdivision (1)(C), regardless of whether the purchaser or lender knew of the lis pendens action.[3]

---

[1] *E.g.*, *ante* at ___.

[2] *E.g.*, *ante* at ___.

[3] TEX. PROP. CODE § 12.0071(f). As the Court notes, the statute was amended days ago. *Ante* at ___ nn. 2,14. Moving forward, the new (and improved) language will cleanly cover "actual knowledge" situations like this. Today's case is governed by the prior version of subsection 12.0071(f).

The recorded order of expunction negates "the notice of lis pendens and any information derived from the notice."[4] The Court reasons that since a fact issue is present as to whether "Sandcastle and NewBiss had actual, independent knowledge of the issues covered by the lis pendens notice," summary judgment for them was inappropriate.[5]

This case turns on the meaning of "notice of lis pendens." The Court reasons that "a notice of lis pendens" and "the notice of lis pendens" referenced in the opening passage of subsection 12.0071(f) means the *written, recorded* notices of lis pendens filed by Cohen. For example, the Court reads subsection 12.0071(f) as inapplicable if the purchaser "receives notice of a third-party claim by some means other than a *recorded* notice of lis pendens."[6] It says the statute addresses "notice arising from the lis pendens *filing*"[7] and "directs expunction of a *recorded* lis pendens notice and eradicates the effects of filing one."[8] This construction is not unquestionably wrong. For one thing, subsection 12.0071(a) permits an application to expunge in cases "in which a notice of lis pendens has been *filed*."[9] When construing a statutory provision, we can and should consider the provision in the context of related provisions and the statute as a whole.[10]

---

[4] *Id.*

[5] *Ante* at ___.

[6] *Ante* at ___ (emphasis added) (quoting *Cohen v. Sandcastle Homes, Inc.*, 469 S.W.3d 173, 190 (Tex. App.—Houston [1st Dist.] 2015) (Massengale, J., dissenting)).

[7] *Ante* at ___ (emphasis added).

[8] *Ante* at ___ (emphasis added).

[9] TEX. PROP. CODE § 12.0071(a) (emphasis added).

[10] *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011) ("Language cannot be interpreted apart from context."); *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010) ("Before parsing the language of § 21.307, a brief survey of the surrounding statutory landscape provides a helpful context for that section's use of the term 'party' . . . ."); *Tooke v. City of Mexia*, 197 S.W.3d 325, 329 (Tex. 2006) (noting that

But there is another plausible reading. I read "notice of lis pendens" in subsection 12.0071(f) more broadly than the Court, and would construe the term to mean, simply, notice or knowledge of pending litigation regarding the property in question. I would not limit the clause to mean a written, recorded notice of lis pendens. Under this reading, Sandcastle and NewBiss took title free of the claim reflected in the recorded notice of lis pendens whether they acquired knowledge of the underlying litigation from the recorded document or other sources.

In construing a statute, we should begin, and usually end, the inquiry by looking to the plain and common meaning of its words.[11] "[N]otice of lis pendens" in subsection 12.0071(f) is not expressly limited to a written, recorded document. "Lis pendens" literally means "a pending lawsuit" and retains that meaning in modern legal parlance. *Black's Law Dictionary* not only notes, in its etymology of "lis pendens," that the term is Latin for "a pending lawsuit," but unremarkably states as its first definition that the term means "[a] pending lawsuit."[12] So a notice of lis pendens need not always be a legal term of art. It can simply mean notice of pending litigation.

Of course, the especially important legal consequence of a notice of lis pendens is ordinarily manifested when the notice is written up according to statutory requirements and

---

"the import of these [statutory] phrases cannot be ascertained apart from the context in which they occur"); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003) ("We determine legislative intent from the entire act and not just its isolated portions."); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("[W]e must always consider the statute as a whole rather than its isolated provisions.").

[11] *See City of San Antonio*, 111 S.W.3d at 25 ("If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning."); *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) ("[I]t is cardinal law in Texas that a court construes a statute, first, by looking to the plain and common meaning of the statute's words. If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms.") (footnotes, internal quotation marks omitted).

[12] *Lis pendens*, BLACK'S LAW DICTIONARY (7th ed. 1999).

4

recorded in the courthouse real-property records. Section 12.007 of the Property Code, titled "Lis Pendens," states that a party to a title dispute "may *file for record* with the county clerk . . . a notice that the action is pending,"[13] provided that the notice includes certain required particulars of the title suit.[14] Under the Code, "[a] *recorded* lis pendens is notice to the world of its contents."[15]

Hence, the effect of a recorded and statutorily compliant notice of lis pendens is that *all* would-be purchasers are put on *constructive* notice that the filer has brought a suit claiming an interest in the property, thus precluding the would-be purchaser from acquiring innocent-purchaser status.[16] The lis pendens procedure is part of the Property Code's Title 3, which is titled "Public Records" and provides a general system for the public recording of real-estate records. It is a Texas version of recording acts that date back hundreds of years.[17] According to one author, "The Recording Acts have come into existence primarily to fulfill the 'needs' and requirements of the people enacting them—the ultimate need being the protection of the bona fide purchaser for value

---

[13] TEX. PROP. CODE § 12.007(a) (emphasis added).

[14] *Id.* § 12.007(b).

[15] *Id.* § 13.004(a) (emphasis added).

[16] *See Saravia v. Benson*, 433 S.W.3d 658, 666 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Saravia . . . is thus properly charged with constructive notice of the previously filed lis pendens. Because Saravia had constructive notice, Saravia is not a bona fide purchaser.") (citation omitted); *Long Beach Mortg. Co. v. Evans*, 284 S.W.3d 406, 414 (Tex. App.—Dallas 2009, pet. denied), *cert. denied*, 561 U.S. 1006 (2010) ("The lis pendens statute gives litigants a method to constructively notify anyone taking an interest in real property that a claim is being litigated against the property."); *In re Collins*, 172 S.W.3d 287, 292 (Tex. App.—Fort Worth 2005, orig. proceeding) (same); *In re Jamail*, 156 S.W.3d 104, 107 (Tex. App.—Austin 2004, no pet.) ("Lis pendens is a mechanism to give constructive notice to all those taking title to the property that the claimant is litigating a claim against the property."); *Cherokee Water Co. v. Advance Oil & Gas Co.*, 843 S.W.2d 132, 135 (Tex. App.—Texarkana 1992, writ denied) ("The common law rule of *lis pendens* has been codified as it applies to . . . suits involving title or interests in . . . real property. The rule effectively prevents a grantee from being an innocent purchaser.") (citing TEX. PROP. CODE §§ 12.007, 13.004).

[17] *See* P.H. Marshall, *A Historical Sketch of the American Recording Acts*, 4 CLEV.-MARSHALL L. REV. 56, 61 (1955) (tracing American recording acts to various origins including the English Statute of Enrollments of 1536).

in a real estate conveyance."[18] We have noted that public property records generally "constitute constructive notice" and serve the "need for stability and certainty regarding titles to real property."[19]

Chapter 13 of Title 3 is titled "Effects of Recording." The general effect of recording a real-property interest is set out in subsection 13.001(a). A conveyance of an interest "is void as to a creditor or subsequent purchaser for a valuable consideration without notice" unless the conveyance is recorded.[20] However, an "unrecorded instrument is binding . . . on a subsequent purchaser . . . who has notice of the instrument."[21] In other words, a purchaser is not entitled to bona-fide purchaser status if he has actual knowledge of a property interest, even if the interest is not properly recorded under the recording statutes so as to provide constructive notice to everyone. And specifically as to pending litigation regarding real property, subsection 13.004(b) provides that even if a notice of lis pendens is not properly prepared and filed, a third party takes title to the property free of the lis pendens proceeding only if the third party "does not have actual or constructive notice of the proceeding."[22] In other words, the purchaser's actual knowledge of the proceeding defeats bona-fide purchaser status even if constructive notice was not provided under the recording statutes by way of a properly prepared and filed notice of lis pendens.

---

[18] *Id.* at 56.

[19] *Cosgrove v. Cade*, 468 S.W.3d 32, 38 (Tex. 2015) (quoting *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)).

[20] TEX. PROP. CODE § 13.001(a).

[21] *Id.* § 13.001(b).

[22] *Id.* § 13.004(b).

But subsection 12.0071(f) is different. Its effect is not confined to constructive notice. It states to the contrary in subsection (f)(2) that after a court takes the affirmative step of expunging a notice of lis pendens, the recording of that order protects purchasers like Sandcastle and NewBiss "regardless of whether the purchaser or lender knew of the lis pendens action."[23] I read it to bestow bona-fide purchaser status whether the purchaser became aware of the pending litigation through direct knowledge, or the purchaser is deemed aware of the pending litigation through constructive knowledge that is imputed "to the world" by a properly filed notice of lis pendens. We can give effect to subsection (f)(2) by reading "notice of lis pendens" at the beginning of subsection 12.0071(f) to include both constructive notice from the filed notice of lis pendens as well as notice of the "lis pendens," literally the pending litigation, from other sources.

The problem with the Court's construction is that it effectively repeals subsection (f)(2). The Court holds that Sandcastle's and NewBiss' knowledge of the Cohen suit from sources independent of the written, recorded notice of lis pendens defeats bona-fide purchaser status, despite subsection (f)(2)'s command that their notice of the pending litigation "is not enforceable" against them "regardless of whether the purchaser or lender knew of the lis pendens action."[24] The Court interprets the "regardless of" language to refer only to actual or constructive notice derived from the written, recorded notice of lis pendens. But if the Court is right that section 12.0071 applies only to the notice of lis pendens *document*, constructive or actual notice is already extinguished under this section—directly before subsection (f)(2) in subsection (f)(1): "the notice

---

[23] *Id.* § 12.0071(f)(2).

[24] *Id.*

7

of lis pendens . . . does not . . . constitute constructive or actual notice of any matter contained in the notice . . . ."[25] The Court's interpretation thus renders subsection (f)(2) a nullity, holding it merely reiterates the notice already eliminated in subsection (f)(1). But proper statutory interpretation gives effect to each provision of a statute—ensuring none is rendered meaningless or "mere surplusage."[26] Moreover, the language of subsection (f)(2) expressly encompasses both imputed knowledge of the sort ordinarily associated with a filed notice of lis pendens and actual knowledge of the title dispute acquired from other sources.

My interpretation of subsection 12.0071(f) better harmonizes and gives meaning to all the subsections of the provision, including subsection (f)(2). It is also consistent with other provisions of the Code, which specify the effect of a recorded or filed notice of lis pendens, as opposed to subsection 12.0071(f), which does not specify a notice of lis pendens that has been filed or recorded. In matters of statutory construction, we should strive to harmonize the statute's provisions and give effect to all of them.[27]

Further, there is nothing anomalous in construing subsection 12.0071(f) as providing more expansive bona-fide purchaser protection than, say, sections 13.001 or 13.004. Those provisions concern the effect of recording a real-estate document vel non. But the expunction proceeding set

---

[25] *Id.* § 12.0071(f)(1)(A).

[26] *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016); *see also State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006) ("In construing a statute, we give effect to all its words and, if possible, do not treat any statutory language as mere surplusage."); *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) ("Consistent with these fundamental principles, we give effect to all the words of a statute and do not treat any statutory language as surplusage, if possible.") (brackets, internal quotation marks omitted).

[27] *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) ("We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone. We must presume that the Legislature intends an entire statute to be effective . . . .") (citation omitted).

out in section 12.0071 requires action by a court, which may consider sworn evidence, conduct an oral hearing, and order discovery[28]—in short, actual litigation of the validity of the lis pendens claim.

*     *     *

In my view, "notice of lis pendens" in subsection 12.0071(f) simply and broadly means notice or knowledge of Cohen's suit involving the property, meaning the recorded order of expungement allowed Sandcastle and NewBiss to claim bona-fide purchaser status, free of Cohen's claims. I would affirm the court of appeals' judgment, which in turn affirmed the trial court's summary judgment for Sandcastle and NewBiss.

_____
Don R. Willett
Justice

**OPINION DELIVERED:** June 16, 2017

---

[28] *See* TEX. PROP. CODE § 12.0071(a)–(b).