# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2023

Lyle W. Cayce
Clerk

No. 21-11251

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for Residential Asset Mortgage Products, INC., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-R,

*Plaintiff—Appellee*,

*versus*

Kevin G. Bates; Regina Bates,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-cv-965

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

This appeal arises out of a mortgage foreclosure suit, in which the Plaintiff creditor successfully sought summary judgement against a

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 21-11251

Defendant debtor. Because the appeal has been rendered moot by Plaintiff's sale of the property in question, we dismiss the appeal.

## I.

On or around October 25, 2000, Defendant Kevin Bates obtained a mortgage loan by executing a Texas Home Equity Adjustable Rate Note. The Note was secured by a Texas Home Equity Security Instrument, signed by both Defendants, which encumbered the property located at 1012 South Hollow Drive, Southlake, Texas 76092 ("the Property").

On July 24, 2020, Plaintiff's mortgage servicer notified Defendants that they were in default. Plaintiff filed suit against Defendants seeking judicial foreclosure. Plaintiff sought and the district court granted summary judgment, which Defendants now appeal.

After noticing this appeal, Defendants filed a motion in the district court asking the court to set a bond to stay the upcoming scheduled sale of the Property by the Plaintiff. *See* Fed. R. Civ. P. 62(b). The district court issued an order requiring Defendants to post a $387,000 bond—worth about one-third of the outstanding debt—to obtain a stay of the court's judgment. Defendants did not post the bond. Subsequently, Defendants sought an emergency stay in this court, which we denied. *See* Fed. R. App. Proc. 8.

Following these proceedings, Plaintiff scheduled a foreclosure sale of the Property for June 7, 2022. That morning, Defendants filed a Notice of Lis Pendens. Plaintiff subsequently conducted the sale and sold the property to a third party.

Plaintiff has now filed a motion in this court to dismiss the appeal as moot because of the sale, which Defendants oppose. In its reply, Plaintiff also moved to cancel or expunge the lis pendens. Defendants moved for leave to file a sur-reply to Plaintiff's motion, which Plaintiff opposes.

No. 21-11251

## II.

"Ordinarily, an appeal will be moot when the property underlying the dispute has been sold at a foreclosure sale because this court cannot fashion adequate relief, i.e., cannot reverse the transaction." *Christopher Vill., Ltd. P'ship v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "If the debtor fails to obtain a stay, and if the property is sold in the interim, the . . . court will ordinarily be unable to grant any relief" and "the appeal will be moot." *Matter of Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d 731, 733 (5th Cir. 1990), *on reh'g sub nom. Matter of Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723 (5th Cir. 1991). Both sides acknowledge this baseline rule.

Nevertheless, Defendants contend that their lis pendens filing means that relief may be granted with regards to the subsequent purchaser's title to the Property—and that the appeal is not moot. But by its plain terms, the lis pendens statute makes clear that the procedure is available only to "a party to the action who is seeking affirmative relief." Tex. Prop. Code § 12.007(a). *See also In re Jamail*, 156 S.W.3d 104, 107 (Tex. App. 2004); *Brown v. Martin*, 2011 WL 3366359, at *2 (Tex. App. Aug. 4, 2011). Here, neither the Defendants' original Answer nor their operative First Amended Answer offer any basis on which they seek affirmative relief in this suit. Consequently, the lis pendens filed by Defendants is "void." *Helmsley-Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App. 1985). And "[w]hen a lis pendens is not authorized under Texas law, the court need not follow the procedures prescribed by [the statute] to cancel it." *Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1153 (5th Cir. 1988).

## III.

We grant Plaintiff's motion to dismiss the appeal as moot. We also grant Plaintiff's motion to cancel the lis pendens. We deny Defendant's motion for leave to file a sur-reply.