

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00392-CV

_____

IN THE ESTATE OF JULIA ANN SMITH, DECEASED

On Appeal from County Court at Law
Cooke County, Texas
Trial Court No. PR17799

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

This appeal arises from an order expunging a notice of lis pendens filed by Appellants Marlon Avantyr, Amber Schuler, and Shari Gerszewski. Because a lis pendens has no existence separate and apart from the litigation of which it gives notice and because the litigation underlying the lis pendens has been terminated in favor of Appellees Gregory and Melynda Hammons, we conclude that the appeal is moot, and we therefore vacate the trial court's order and dismiss the appeal for want of jurisdiction.

## I. BACKGROUND[1]

Shortly before her death, Julia Ann Smith executed (1) a deed conveying her home and acreage (the Property) to the Hammonses—her grandson and granddaughter-in-law—in exchange for a $300,000 promissory note and (2) a will naming Appellants Avantyr, Schuler, and Gerszewski[2]—her adult children—as the only beneficiaries of her estate. After Smith's death, the will was admitted to probate, and Avantyr was appointed as independent executor. For nearly three years thereafter,

---

[1]We have set forth this case's underlying facts in a prior opinion. *See generally In re Est. of Smith*, No. 02-24-00175-CV, 2024 WL 4899029 (Tex. App.—Fort Worth Nov. 27, 2024, no pet.) (mem. op.). Therefore, we borrow many of the pertinent facts from it, omitting or adding details where appropriate. *Cf. Love v. State*, No. 02-22-00203-CR, 2024 WL 3977223, at *1 n.2 (Tex. App.—Fort Worth Aug. 29, 2024, pet. ref'd) (mem. op., not designated for publication) (borrowing relevant facts from prior opinion in the same case).

[2]Gerszewski is Gregory Hammons's mother.

Appellants seemingly treated Smith's sale of the Property to the Hammonses as legitimate and accepted payments on the purchase-money note.

But in 2023, after learning that the Hammonses were getting divorced and would be selling the Property, Appellants sued them in probate court[3] to cancel their deed to the Property on the ground that Smith had lacked mental capacity when she executed it. Appellants filed a notice of lis pendens to alert prospective purchasers of their claim to the Property. Ultimately, the probate court signed an order granting the Hammonses' pleas to the jurisdiction and dismissing Appellants' suit with prejudice.

After the probate court dismissed Appellants' suit, they released their lis pendens. But in April 2024, they appealed the probate court's dismissal order and filed a new lis pendens.[4] The Hammonses filed a joint motion to expunge this new lis pendens. In July 2024, following a hearing, the probate court signed an order expunging the lis pendens on the ground that Appellants had failed to file a supersedeas bond to protect their interests in the Property pending appeal.

Appellants appealed the expunction order. While this appeal was pending, we decided Appellants' prior appeal of the probate court's order granting the

---

[3]Appellants first filed suit in the Cooke County district court but later filed a motion to dismiss their district-court lawsuit and refiled the same suit in the Cooke County court at law, which had original probate jurisdiction over Smith's estate. *See* Tex. Gov't Code Ann. § 25.0003(d); *see also* Tex. Est. Code Ann. § 32.001. For ease of discussion, we will refer to the county court at law as the "probate court."

[4]The April 2024 lis pendens listed the wrong cause number. Appellants filed a corrected version in July 2024.

Hammonses' pleas to the jurisdiction and dismissing Appellants' lawsuit with prejudice, and we issued an opinion affirming the probate court's order. *See Est. of Smith*, 2024 WL 4899029, at *5.

## II. DISCUSSION

In two issues, Appellants contend that the probate court (1) erred by concluding that their lis pendens had been improperly filed because they had failed to file a supersedeas bond to secure their interest in the Property pending their appeal of the dismissal order and (2) lacked jurisdiction to expunge their lis pendens because its plenary power had expired by the time it signed the expunction order. In a responsive issue, Gregory Hammons[5] contends that this appeal is moot because the litigation underlying the lis pendens has been terminated in the Hammonses' favor. Because we agree that this appeal is moot, we do not address Appellants' issues; instead, we vacate the trial court's expunction order and dismiss this appeal for want of jurisdiction.

### A. We lack jurisdiction to decide moot cases.

A case becomes moot when a justiciable controversy exists between the parties at the time the case arose, but the controversy ceases because of subsequent events. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). A controversy may cease to exist—and thus become moot—at any stage of the proceedings, including during an appeal. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex.

---

[5]Melynda Hammons did not file a brief.

2005) (orig. proceeding). Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See Matthews*, 484 S.W.3d at 418 (noting that mootness doctrine prevents appellate courts from rendering advisory opinions, which are outside jurisdiction conferred by Texas Constitution). Accordingly, when a case becomes moot during an appeal, the appellate court must dismiss the appeal and vacate the underlying order or judgment. *See Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019); *Aguinaga v. JAT Projects Holdings Tex., LLC*, No. 05-20-00982-CV, 2022 WL 3974062, at *3 (Tex. App.—Dallas Sept. 1, 2022, no pet.) (mem. op.).

## B. This case is moot.

During the pendency of a lawsuit involving title to real property, a party may file a lis pendens to put interested parties on notice of the facts and issues involved in the pending suit. *See* Tex. Prop. Code Ann. § 12.007; *In re Collins*, 172 S.W.3d 287, 292–93 (Tex. App.—Fort Worth 2005, orig. proceeding); *In re Jamail*, 156 S.W.3d 104, 108 (Tex. App.—Austin 2004, orig. proceeding); *Garza v. Pope*, 949 S.W.2d 7, 8 (Tex. App.—San Antonio 1997, no writ). A lis pendens is not an independent claim, *Collins v. Tex Mall, L.P.*, 297 S.W.3d 409, 418 (Tex. App.—Fort Worth 2009, no pet.), and has no existence separate and apart from the litigation of which it gives notice, *Taliaferro v. Smith*, 804 S.W.2d 548, 550 (Tex. App.—Houston [14th Dist.] 1991, no writ). A "lis pendens notice operates only during [the] pendency of the suit and terminates with the judgment in the absence of appeal." *Collins*, 297 S.W.3d at

5

418 (citing *Hartel v. Dishman*, 145 S.W.2d 865, 869 (Tex. 1940)); *accord In re Est. of Sanchez*, No. 04-11-00332-CV, 2012 WL 1364979, at *6 (Tex. App.—San Antonio Apr. 18, 2012, pet. denied) (mem. op.); *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App.—Texarkana 2011, pet. denied).

Here, the litigation underlying Appellants' lis pendens has been terminated in the Hammonses' favor. *See Est. of Smith*, 2024 WL 4899029, at *5.[6] Accordingly, even if the trial court had not expunged Appellants' lis pendens, it would nevertheless have been rendered nugatory. *See Est. of Sanchez*, 2012 WL 1364979, at *6; *Collins*, 297 S.W.3d at 418; *Hawk v. Est. of Hawk*, No. 14-05-01057-CV, 2006 WL 2433966, at *6 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, pet. denied) (mem. op.); *see also Kaminetzky v. Newman*, No. 13-05-465-CV, 2008 WL 2894884, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg July 29, 2008, no pet.) (per curiam) (mem. op.) ("[W]hen a plaintiff files a lis pendens, and litigation is terminated in favor of the defendant, there is no further need for a lis pendens." (citing *R.I.O. Sys., Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 493 (Tex. App.—Corpus Christi 1989, writ denied))). Thus, this appeal is moot. *Cf. Aguinaga*, 2022 WL 3974062, at *1–3 (concluding that appeal from order expunging lis pendens had been rendered moot by the sale of the property).

---

[6]Appellants elected not to seek discretionary review in the Texas Supreme Court of our decision affirming the dismissal of their underlying lawsuit, and the mandate has issued.

### III. CONCLUSION

Having concluded that this appeal is moot, we vacate the trial court's expunction order and dismiss this appeal for want of jurisdiction.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: March 27, 2025